BERNARD DELZ v. WINFREE, NORMAN & PEARSON ET AL.

No. 413.

**Conspiracy—Combinations Against Trade.**—Wholesale butchers, to protect themselves against dishonest and insolvent customers, and to compel such customers to pay their debts to them, and for the purpose of otherwise assisting each other in the conduct of their business, may agree amongst themselves, that each at the request of the other would refuse to deal with any retail butcher, and such retail butcher will have no cause of action against them for resulting injury.

ERROR from Galveston.  Tried below before Hon. WM. H. STEWART.

*L. E. Trezevant,* for plaintiff in error.—1. The court erred in overruling plaintiff's motion for a new trial, based upon the ground that the verdict was contrary to the law and the evidence, in this, that plaintiff proved that he had offered to buy from the two defendant firms live animals for butcher's meat, at their own price in money, and offered to pay them their price, and defendants refused to sell to them by reason of an agreement between them that they would not sell to plaintiff. Delz v. Winfree, 80 Texas, 400.

2. The gravamen of plaintiff's complaint being the carrying out of an unlawful agreement between defendants, plaintiff's alleged indebtedness to them was immaterial, and exception to the answers setting it up should have been sustained. Sayles' Civ. Stats., art. 649; Mayne on Dam., 522.

An agreement between two persons not to sell to another who is indebted to them is an actionable injury. Bowen v. Hall, 20 Am. Law Reg., 578; Laws. on Presump. Ev., 262; Best on Ev., sec. 305.

*Austin & Rose,* for defendants in error.—1. A conspiracy can not be made the subject of a civil action, although damages result, unless something is done which without the conspiracy would give a right of action. In other words, an act which if done by one alone constitutes no ground of action, can not be made the ground of such action by showing it to have been done by and through a conspiracy of several.

2. A person has an absolute right to refuse to have business relations with any person whomsoever, whether the refusal is based upon reason or is the result of whim, caprice, prejudice, or malice, and there is no law which forces a man to part with his title to his property. Delz v. Winfree, Norman & Pearson, 80 Texas, 400; Cool. on Torts, 124, 126, 278, 279, 690; Bish. on Non-Con. Law, 354; Add. on Torts, 850; 4 Am. and Eng. Encycl. of Law, 593; Hunt v. Simonds, 19 Mo., 583; Kimball v. Harman, 34 Md., 408; Eason v. Petway, 1 N. C., 44; Bowen v. Matheson, 96 Mass., 499; Hutchins v. Hutchins, 7 Hill, 107; Willington v. Small, 36 Cush., 145.

PLEASANTS, Associate Justice. — This is a suit by plaintiff in error against the defendants in error, for the recovery of damages resulting, as charged, to plaintiff from alleged unlawful and malicious acts of the defendants. The plaintiff was a butcher, plying his occupation in the city of Galveston, and the defendants Winfree, Norman & Pearson were partners in trade and dealers in livestock, and the defendants Jas. C. Borden and Herman Rosenbaum were also dealers in livestock, doing business under the firm name of Borden & Borden; and from these two firms the butchers of the city obtained most of the animals slaughtered by them.

The plaintiff in his petition averred, that on and for some years prior to the 1st of July, 1889, he was pursuing the occupation of a butcher in the city of Galveston, and that he was doing a thriving and prosperous business; and had been for a long time purchasing the animals butchered and sold by him from the said defendants, and that on or about the day last aforesaid, and on divers days thereafter, the defendants Winfree, Norman & Pearson, without justifiable cause, and unlawfully, and with the malicious intent to molest, obstruct, hinder, and prevent him from carrying on his said business and making a living thereby, did combine, confederate, and conspire with the said firm of Borden & Borden, and with one Gerhard Barbour, a butcher, not to sell to your petitioner for cash any live animals or slaughtered meat for the purpose of his said business; and that said Winfree, Norman & Pearson procured an agreement from said Borden & Borden not to sell any live animals to petitioner, and did induce the said Barbour and others, to your petitioner unknown, not to sell him slaughtered meat for the purposes of his business; and that in pursuance of said agreement, and without justifiable cause or excuse, the said Winfree, Norman & Pearson and the said Borden & Borden and the said Barbour did each refuse to sell to petitioner any live animals for slaughter and any slaughtered meat. The plaintiff proposed to purchase from each of them, at their several places of business, and tendered them severally in money the price of the animals and the slaughtered meat, which they were offering for sale and which he proposed to buy, and that the said defendants and the said Barbour refused to sell to him; and that by reason of the said unlawful combination and malicious interference with plaintiff's business he has been damaged in the sum of $1000, for which he prayed as actual damages, and he also prayed for exemplary damages in the sum of $1500.

The defendant firms answered by general and special exceptions; and Borden & Borden denied generally the allegations of the petitioner, and for further answer they averred, that on and long prior to the 1st day of July, 1889, plaintiff was indebted to them, both by note and on open account, in large sums of money due them for animals previously sold to him, and that if they refused to sell to him subsequent to that date, it was because they deemed it prudent for them to have no further dealings with plaintiff until he had at least paid what was due them on open account, and which payment plaintiff refused to make. And the defendants Winfree, Norman & Pearson also specially answered, that plaintiff was indebted to them on the 1st day of July, 1889, for animals previously sold to him, and that if they ever refused to sell to him, it was because they deemed it more prudent not to deal further with him until he had discharged said indebtedness.

The plaintiff excepted to those portions of the answers of the defendants which averred an indebtedness from plaintiff to them, and that

because of said indebtedness they had refused to sell to plaintiff, as irrelevant and immaterial and presenting no defense to plaintiff's suit. Plaintiff's exceptions to the answers were overruled, and plaintiff excepted. The exceptions of the defendants to the petition were also overruled, save the exception to the averment that the defendants "induced many others, to him unknown, to refuse to sell him slaughtered meat." The exception to this averment was sustained, and plaintiff excepted, as did defendants.

Upon trial of the cause, verdict and judgment were rendered for the defendants. This is the second appeal of this cause. The first trial of the cause was upon demurrer. The court sustained defendants' exceptions to the petition, and upon appeal to the Supreme Court the judgment of the lower court was reversed and the cause remanded. The case is reported in 80 Texas, commencing on page 400.

We conclude from the evidence, that there was an agreement between the defendant firms that neither of them would sell animals for slaughter to any butcher who was indebted to the other, if the latter so requested; and that in pursuance of this agreement both of said firms did refuse to sell to plaintiff, and that thereby his business was rendered much less profitable. That the agreement between the defendants, that each firm would refuse, upon the request of the other, to sell to any butcher who might be indebted to the latter, was not made with special reference to plaintiff, and that the same was made by defendants for their mutual protection against dishonest and insolvent customers, and for the purpose of compelling such customers to pay their debts due the defendants, or either of them, and not with the intention to injure plaintiff or any other butcher in his business. We conclude also, that the plaintiff was largely indebted to the defendant firms when they refused to sell him animals for slaughter, and that he had been so indebted for some time previous to such refusal; and that said indebtedness had not been discharged, either in whole or in part, to either of said firms at the time of the trial of this cause; and we further conclude, that neither of said defendant firms, or any member of either, had ever induced or requested or otherwise attempted to induce Gerhard Barbour or any other person not to sell slaughtered meat to plaintiff.

Appellant has made several assignments of error, but after careful consideration of the case we discover no error in the record of which the appellant can complain, and the judgment of the lower court must be affirmed.

Upon the former appeal of this cause the Supreme Court held, that each of the defendant firms had the absolute right to refuse to have business relations with any person whomsoever, whether the refusal be based upon reason or is the result of caprice, prejudice, or malice; but that this.

privilege is limited by the law to the individual action of the party who asserts the right; and therefore if, as charged by the petition, the defendants, without justifiable cause, and with malicious intent to injure the plaintiff in his business, had conspired with one Gerhard Barbour, a butcher, not to sell to plaintiff for the purpose of his business either live animals or slaughtered meat, the petition stated a cause of action, and the lower court erred in sustaining the defendants' demurrer. But the decision further held, that if to serve some legitimate right or interest of his own, one does acts himself, or induces others to do them, which injuriously affect a third party, such acts give no cause of action to the person injured, unless they violate some definite legal right of his. It would seem, therefore, that since each of the defendants had the unquestionable right to refuse to trade with the plaintiff, or any other butcher who might desire to buy from them live animals, that the defendants without malice to any one, and for the lawful purpose of protecting each other from dishonest or insolvent customers, and otherwise mutually assisting each other in the conduct of their business, might agree that each upon the request of the other would refuse to deal with any butcher. Cool. on Torts, 125; Delz v. Winfree, Norman & Pearson, 80 Texas, 400, and authorities therein cited. The trial court submitted by its charge issues in accordance with the law, as we conceive it to be, and the evidence sustained the verdict, and there was no error committed by the court in refusing the charge asked by the plaintiff nor in refusing to grant a new trial.

*Affirmed.*

Delivered January 25, 1894.