**Charles H. CHAPMAN, Plaintiff,**

v.

**Claire O. POLLOCK and Charles W. Fisher, Defendants.**

**No. 10597.**

United States District Court
W. D. Missouri, W. D.

Feb. 27, 1957.

Baker & Carroll, Kansas City, Mo., for plaintiff.

J. M. Fisher, Julius C. Shapiro, Kansas City, Mo., for defendants.

R. JASPER SMITH, District Judge.

Plaintiff Charles H. Chapman, a citizen of Texas, instituted this action for damages against the defendants Claire O. Pollock and Charles W. Fisher, citizens of Missouri, alleging that defendant Pollock filed suit against him and his wife, Sarah Jane Chapman, formerly Sarah Jane Fisher, in the Dallas County District Court, Dallas, Texas, upon a promissory note in the face amount of $2,000, payable to Pollock; that defendants Pollock and Fisher wilfully and maliciously have joined in a conspiracy to compel plaintiff "to pay the aforesaid note or expend large sums of money in defense of said suit and thereby defraud him, while in truth and fact said note has been paid and satisfied and said defendants well know it has been so paid and satisfied;" and that defendants have unlawfully conspired to divide all proceeds collected from the Texas action, and that "by reason of the false and fraudulent action which has been instituted and taken by defendant, Claire O. Pollock," plaintiff has been compelled to expend a sum of money in defense of the Texas action.

The makers of the note are Sarah Jane Chapman, formerly Sarah Jane Fisher, and defendant Charles Fisher. The name of Charles H. Chapman does not appear on the note in any capacity.

Each defendant answered separately, denying the conspiracy, denying that, prior to commencement of the Texas suit, the note had been paid and satisfied, and stating that plaintiff Chapman was joined as defendant in the Texas action pursuant to Article 1985, Vernon's Annotated Revised Civil Statutes of Texas, which provides:

> "The husband shall be joined in suits for separate debts and demands against the wife, but no personal judgment shall be rendered against the husband."

Defendants have moved for judgment on the pleadings, attaching to their motion an affidavit of Pollock's attorney who commenced the Texas suit, and a certified judgment entry of the District Court of Dallas County, Texas. This motion must now be determined.

Since the motion for judgment on the pleadings is restricted to the pleadings its utility is narrow. Technically, defendants should have moved for summary judgment. They have gone beyond the pleadings and presented matters by affidavit and certified judgment entry for the purpose of showing that despite issues of fact raised by the pleadings there is no genuine issue of material fact, and that defendants are entitled to judgment as a matter of law. Disregarding technicalities of pleading, I consider defendants' motion as one for summary judgment.

Plaintiff's petition apparently seeks recovery for damages for the unlawful act of defendants in joining plaintiff Charles Chapman as a party defendant in the Texas suit. Plaintiff states in his suggestions in opposition to defendants' motion:

"Plaintiff has filed an action in this Court against Claire O. Pollock and Charles W. Fisher, who was not a party to the Texas action, alleging a conspiracy to defraud him. This arises out of the bringing of the Texas law suit but is certainly not dependent on its outcome. The damages asked for in this action arose and the cause of action accrued when plaintiff herein was made a party to the Texas action regardless of the peculiarity of Texas law which made his inclusion in that suit necessary. The wrongful acts of defendants herein occurred prior to and at the time of the filing of the Texas suit."

Thus plaintiff's theory rests upon the premise that his joinder as party defendant in the Texas suit is a manifestation of defendants' unlawful conspiracy.

■ There can be no recovery for the simple existence of a civil conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy, rather than by the conspiracy itself. Unless something is actually done by the conspirators pursuant to their combination, to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means, no civil action lies against anyone.

■ Plaintiff Chapman has charged defendants Pollock and Fisher with conspiring to perpetrate an unlawful purpose; but whether the combination is wrongful or illegal depends, not upon the name given it by plaintiff, but rather upon the quality of the acts charged to have been committed. If these acts perpetrated by defendants are not wrongful or illegal, no agreement to commit them properly can be called an unlawful con-

spiracy, unless the means used to accomplish the acts were unlawful. If the defendants did such a thing as they had a right to do, it cannot be said that the means were unlawful. So the question remains whether defendants had a right to do what they did, and whether they thereby violated any right of plaintiff.

■■ Plaintiff complains of his joinder as a defendant in the Texas suit. The general rule in Texas is that in all suits against the wife the husband is a necessary party. His joinder is mandatory under Texas law. Article 1985, supra. The obvious purpose of this statute is explained adequately in Taylor v. Hustead & Tucker, Tex.Com.App., 257 S.W. 232, and Rhodes v. Fredwell, Tex.Civ. App., 192 S.W.2d 295, and requires no elaboration here. Because of the statute, defendants, in joining plaintiff as a party in the Texas action, not only had the legal right to do so, but were under legal compulsion to comply with the Texas law. The fatal defect in plaintiff's action for conspiracy is that the act committed by defendants, and complained of by plaintiff, was lawful in its nature, mandatory by statute, and violated no right of plaintiff. Green v. Bennett, Tex. Civ.App., 110 S.W. 108; State v. Standard Oil Company, 130 Tex. 313, 107 S.W. 2d 550.

■ Even if it is said that defendants' motive was to injure plaintiff by joining him as a defendant with his wife in Texas, that motivating cause does not render the conduct actionable. As a general rule, an act lawful in itself does not become unlawful when done with a wrongful motive toward another. Fletcher v. Huffman, Tex.Civ.App., 149 S.W.2d 313; Griffin v. Palatine Insurance Co., Tex.Com.App., 235 S.W. 202; and Meurer v. Hooper, Tex.Civ.App., 271 S.W. 172.

■ The fact that this lawful act may have been committed by more than one person is not significant. By the language used in a number of Texas decisions, the rule is laid down broadly that

an act lawful when committed by one person is lawful when committed by several persons in pursuance of an agreement, and this is so even though they may have acted with a malicious motive. Texas Public Utilities Corp. v. Edwards, Tex.Civ.App., 99 S.W.2d 420; Olive v. Van Patten, 7 Tex.Civ.App. 630, 25 S.W. 428; Delz v. Winfree, 6 Tex.Civ.App. 11, 25 S.W. 50; and Wills v. Central Ice & Cold Storage Co., 39 Tex.Civ.App. 483, 88 S.W. 265.

■ Certainly plaintiff's complaint does not challenge the right of defendant Pollock to institute the Texas suit. If it does, it constitutes a collateral attack upon the Texas judgment. As a judgment of a court of record, having jurisdiction of the parties and cause, and having determined the issues in favor of Pollock, the Texas judgment is conclusive in the courts of every other state and of the United States, because of the constitutional provision of full faith and credit, and the local doctrine of res judicata. As to the parties of record and their privies, the conclusiveness of the judgment for Pollock prevails, no matter how erroneous in law or in fact it may be.

■ Plaintiff raises the issue of payment of the note by Fisher prior to the commencement of the Texas suit. The Texas court in adjudicating the liability of Sarah Jane Fisher Chapman necessarily decided this issue of payment. It is binding upon plaintiff and defendant Pollock in the present suit. Both were sufficient parties to the Texas suit to be precluded from relitigating the issue here. Cannon v. S. S. Kresge Co., 233 Mo.App. 173, 116 S.W.2d 559; Baur v. Dirhold, Mo.App., 82 S.W.2d 133; Wade v. Wade, 140 Tex. 339, 167 S.W.2d 1008; Cain v. Balcom, 130 Tex. 497, 109 S.W.2d 1044.

■ Furthermore, plaintiff is estopped from raising the issue even as against defendant Fisher, who was not a party to the Texas action. The reasons for determining who may assert a plea of res judicata differ substantially from those for determining against whom a plea of res judicata may be asserted. Due process of law forbids the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. However, there is no satisfactory reason for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation. One who has had his day in court may not reopen identical issues merely by switching adversaries. Plaintiff and his wife had the opportunity to raise the defense of prior payment of the note in the Texas action. The issue was decided against them, and they cannot be heard to reopen the defense here. Therefore, defendant Fisher is not precluded by lack of privity or of mutuality of estoppel from asserting res judicata against plaintiff Chapman. Res judicata is based on the policy of ending litigation after a fair trial, and does not necessarily depend on privity. Brown v. Wabash Ry. Co., 222 Mo.App. 518, 281 S.W. 64.

Finally, I am forced to observe that counsel for the respective parties have failed to comply with the spirit of the local rules of this Court with respect to filing adequate written statements of the reasons in support of, and in opposition to defendants' motion. The statements or written suggestions are gravely deficient considering the complexities of the issues raised by the motion. This deficiency has unduly burdened the Court, and has been no insignificant factor delaying this decision.

For the reasons stated, defendants' motion for summary judgment is sustained. It is so ordered.