**Hattie RUSSELL, Appellant,**

v.

**EDGEWOOD INDEPENDENT SCHOOL DISTRICT and Bennie F. Steinhauser, Appellees.**

No. 14497.

Court of Civil Appeals of Texas.

San Antonio.

July 27, 1966.

Rehearing Denied Sept. 21, 1966.

Sam Houston Clinton, Jr., Austin, for appellant.

Dobbins & Howard, Roy R. Barrera, San Antonio, for appellees.

MURRAY, Chief Justice.

This suit was instituted by Miss Hattie Russell, a school teacher, against Edgewood Independent School District and its superintendent, Bennie F. Steinhauser, alleging that they had discharged her as a teacher in said School District because she was a member and officer of the Edgewood Federation of Teachers Local 1357. Suit was not filed until Feb. 3, 1961, and Miss Russell did not seek reinstatement, but sought actual damages, exemplary damages, and damages for mental anguish and humiliation.

The trial was to a jury and, based upon the jury's answers to the special issues submitted, judgment was rendered that Hattie Russell take nothing and pay all costs of court, from which judgment she has prosecuted this appeal.

We are met on the threshold of this case with the question whether this tort action may be maintained for damages against an Independent School District, which is a branch of the State government and has for its purpose only the education of children, and therefore has Governmental immunity from tort actions.

It will be borne in mind that this is not a suit for reinstatement of a teacher who has been discharged, or for back pay for the time during which she was discharged, but is an action sounding in tort, for actual and exemplary damages, based upon the provisions of Art. 5154c and Art.

5207a, Vernon's Ann.Civ.St., known as the "right to work laws."

■ It has definitely been held that an independent school district is an agency of the State and, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort. Treadaway v. Whitney Ind. School Dist., Tex.Civ.App., 205 S.W.2d 97; Campbell v. Hillsboro Ind. School Dist., Tex.Civ.App., 203 S.W.2d 663; Braun v. Trustees of Victoria Ind. School Dist., 114 S.W.2d 947. Here we have a damage suit sounding in tort for wrongful discharge of a teacher and not one for reemployment. The hiring and discharging of school teachers are duties of the school trustees, and in performing these duties they are performing a governmental educational function and are not answerable in a cause of action sounding in tort for the damages they may have caused by such wrongful discharge or for failure to reemploy a teacher.

It is the duty of a school superintendent, when directed by the Board of School Trustees, to recommend the employing and discharging of teachers, and he is not answerable in a cause sounding in tort for his actions while discharging this governmental educational function.

■ There is nothing in Articles 5154c and 5207a, supra, which changes the rule of governmental immunity extended to school districts, their trustees and superintendents.

Art. 5154c, § 4, reads as follows:

"It is declared to be the public policy of the State of Texas that no person shall be denied public employment by reason of membership or nonmembership in a labor organization."

Art. 5207a, § 2, reads as follows:

"No person shall be denied employment on account of membership or nonmembership in a labor union."

■ It is quite possible that Art. 5207a was not intended to apply to governmental bodies such as independent school districts, and that only the provisions of Art. 5154c were intended to apply to school districts, but be that as it may, neither of these articles provides any penalties or remedial procedures, and can therefore only be enforced by injunction or mandamus. There is nothing in either Article that would indicate that the intention of the Legislature was to destroy the governmental immunity of independent school districts and allow them to be sued for damages in tort actions, which could not theretofore be done. We know of no case holding that an independent school district can be sued for damages in tort under either of these articles. In Local Union No. 324, etc. v. Upshur-Rural Elec. Coop. Corp., Tex.Civ.App., 261 S.W. 2d 484, the Court said:

"Since neither penalties nor remedial procedure is provided in the Act, the injunctive power of the courts may protect against invasion of such rights as are granted thereby. Brotherhood of Ry. and S.S. Clerks, etc., v. Texas & N. O. R. Co., D.C., 24 F.2d 426; Id., 5 Cir, 25 F.2d 873, 876, affirmed sub nom. Texas & N. O. R. Co. v. Brotherhood of Ry. and S.S. Clerks, 5 Cir., 33 F.2d 13; 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034. The right, of course, is abstract, and the applicant must show himself entitled to equitable relief by bringing himself within the statutory requirements, art. 4642 et seq., R.S. of Texas, as they have been construed by the courts."

This suit sounding in tort cannot be maintained against Edgewood Independent School District because of the governmental immunity existing in this State in favor of independent school districts. Treadaway v. Whitney Ind. School Dist., supra; Campbell v. Hillsboro Ind. School Dist., supra; Braun v. Trustees of Hillsboro Ind. School Dist., supra.

■ This brings us to a consideration of whether appellant can maintain this suit

against Bennie F. Steinhauser as the school's superintendent. We must answer this question in the negative. Trustees and agents of a school district, while acting in such official capacity, enjoy the same governmental immunity as does the school district. Campbell v. Jones, 153 Tex. 101, 264 S.W.2d 425 (1954); De Levay v. Richmond County School Board, 4 Cir., 284 F.2d 340.

Appellant's contention here is that whatever Steinhauser did in connection with the hiring or discharging of Miss Russell, he did as agent for Edgewood Ind. School Dist., and that the school district was responsible for his acts. There is no contention that he had abandoned his duties as superintendent and had become an individual and a mere intermeddler. As long as Steinhauser was acting within the scope of his employment as a school superintendent he cannot be held personally liable in a tort action, except in such cases which involve individual and separate torts, such as assault, trespass, fraud or conversion. Greyhound Corp. v. Commercial Cas. Ins. Co., 259 App.Div. 317, 19 N.Y.S.2d 239.

Even the officers and directors of an ordinary corporation, while acting as such, are not personally liable even though they recommend a breach of a valid contract. Rhine v. Sanders, 100 Ga.App. 68, 110 S.E.2d 128.

One who is in a confidential relationship with a party to a contract is privileged to induce the breach of such a contract. Lawless v. Brotherhood of Painters, Decorators, etc., 143 Cal.App.2d 474, 300 P.2d 159.

Appellee Steinhauser was not personally liable even though, while acting as Superintendent of Edgewood Ind. School Dist., he induced the trustees to breach their contract with Miss Russell and further induced them not to reemploy her as a teacher for the year 1960–1961. Campbell v. Jones, supra; De Levay v. Richmond County School Board, supra.

Under the pleadings and the evidence, appellant did not establish a cause of action which should have been submitted to the jury. If appellant had secured favorable findings from the jury on every one of her contentions, she still would not have been entitled to a judgment for damages against either the School District or Steinhauser.

It would serve no useful purpose to pass upon the various points presented by appellant as, regardless of how the jury might answer her specially requested issues, she would not be entitled to judgment against appellees in her tort action.

The contention might be made that so far as the suit for breach of the oral contract, with reference to appellant's teaching in the second semester of the night school and the summer school of 1960, is concerned, it was nothing more than a suit for breach of contract and for back salary which had not been paid. We do not agree. Appellant makes it plain that this is a suit for damages because appellant has been unjustly discriminated against because of her membership and activity in the teachers' union.

In addition to what we have said above, before a discharged teacher can recover against a school district for unpaid salary she must show that at the time her contract was made there were current funds available to pay her salary. Appellant neither alleged nor offered to prove that the Edgewood Ind. School Dist. had on hand sufficient funds to pay her salary as a teacher in the night school or the summer school. The evidence shows that the teachers in the night school and the summer school are paid out of the tuition fees paid by the students, and this is known to the teachers. The evidence further shows that there were no funds available to pay Miss Russell's salary for the second semester, and this is undisputed.

In the case of Underwood v. Sabinal Independent School Dist., Tex.Civ.App., 275 S.W. 267, Underwood was a teacher in the

Sabinal school and was discharged by the trustees, but several months later he was reinstated by the State Board of Education. He then instituted suit for his back salary. In that case, Judge Fly, speaking for this Court, said:

"It must be affirmatively stated that when the suit was instituted there were funds in the hands of the trustees sufficient to pay off and discharge the claim. In the case of Watkins v. Huff (Tex. Civ.App.) 63 S.W. 922, this court held:

" 'The petition was subject to the general demurrer, and the error is fundamental. The court was not informed that there was any money to satisfy this contract, in whole or in part.'

"To allege that the trustees had money on hand six months before the suit was begun did not meet the demands."

In the case at bar there is no allegation that the trustees had sufficient funds in their hands at the time the contract was made, to pay Miss Russell, or at the time the suit was filed. Further, there is no allegation that the Trustees had authorized any funds to be paid out for night school or summer school.

In 51 Tex.Jur.2d, § 209, p. 581, it is stated:

"In contracting with teachers, the trustees are limited to the fund belonging to the district for the year specified in the contract, and any debt contracted greater than that is a violation of the law and constitutes no claim against the district."

The controlling statute is Art. 2749, Vernon's Ann.Civ.St. See Campbell v. Jones, supra; Trustees of Crosby Ind. School Dist. v. West Disinfecting Co., Tex.Civ. App., 121 S.W.2d 661; Watkins v. Huff, Tex.Civ.App., 63 S.W. 922, and Ratcliff v. Buna Independent School Dist., Tex.Civ. App., 46 S.W.2d 459. See also Crow v. Burnet Independent School Dist., 304 S.W. 2d 439, 443, and Reid v. McKinney Independent School Dist., 322 S.W.2d 647, 649, where the Court held plaintiff had failed to prove that the district had funds to pay the claim.

The judgment of the trial court is affirmed.