Jerome K. DEALEY et al., Appellants,

v.

**DALLAS COUNTY JUNIOR COLLEGE DISTRICT and Bill J. Priest, Appellees.**

No. 4771.

Court of Civil Appeals of Texas.

Waco.

Nov. 14, 1968.

Rehearing Denied Dec. 12, 1968.

McKool, McKool, Jones & Shoemaker, Bob Shoemaker, Dallas, for appellants.

H. P. Kucera, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Dealey and Roberts from summary judgment that they take nothing in their suit against defendant Dallas County Junior College District and Bill J. Priest.

Plaintiffs (who are real estate agents) sued defendant Junior College District and its President, Priest, alleging plaintiffs had an agreement with Lone Star Cement Corporation to organize and assemble data on a 200 acre tract of land owned by Lone Star, to solidify sentiment in favor of such land for location of the college site, to persuade the Site Selection Committee and the Trustees of the College to choose such site, and to negotiate on behalf of Lone Star with the College District to secure the highest obtainable price; that defendants wilfully induced Lone Star to breach its agreement with plaintiffs and closed out the sale of the land to the College District without plaintiffs, so as to deny plaintiffs their fee for their services. Plaintiffs alleged further that Lone Star sold the 200 acres directly to the District for the College Site for $762,723.75, and that plaintiffs' fee should have been 5%, or $32,881.81; that plaintiffs in a prior suit sued Lone Star and the present defendants for such amount; that Lone Star compromised and settled the suit against it for $6,000; that plaintiffs took a non-suit against present defendants, and thereafter instituted the present suit for $26,881.81, (that is their damage as alleged in the former suit $32,881.81 less the $6,000, paid in settlement by Lone Star).

Defendants answered, among other things, that plaintiffs were volunteers in whatever they did; that plaintiffs had no contract in writing to sell Lone Star's property; and that defendant College Dis-

trict acquired the property through eminent domain proceedings and not through purchase.

Thereafter defendants moved for summary judgment, asserting defendant College District was incorporated under the laws of Texas to further the public education system of Texas, and that defendant Priest is Chancellor (formerly President) of the college; that defendant college can and does exercise governmental functions only, and is immune from liability for any tort action for any of its acts; that defendant Priest, by reason of his position with the District, is likewise immune from any personal liability for any acts of his while carrying out the policies of the Board of Trustees of the District; and that the suit against defendants for wilfully inducing Lone Star to breach its agreement with plaintiffs is a tort, and defendants are not liable as a matter of law.

The trial court, as noted, sustained defendants' motion for summary judgment and decreed that plaintiffs take nothing.

Plaintiffs appeal, contending the trial court erred in granting defendants' motion for summary judgment because there are genuine issues of fact requiring determination by a jury.

Plaintiffs emphasize that their case is not one of a real estate agent attempting to seek a commission for a sale of real estate; that their contract with Lone Star was to render specialized services to cause the College District to select Lone Star's property for its campus site; and that defendants wilfully induced Lone Star to breach its contract.

■ A person who induces a breach of contract existing between two other parties commits a tort. Raymond v. Yarrington, 96 Tex. 443, 73 S.W. 800, 62 L.R.A. 962; American Surety Co. of New York v. Shaw, Tex.Com.App., 69 S.W.2d 47; Yarber v. Iglehart, Tex.Civ.App. (n.w.h.) 264 S.W.2d 474.

■ Defendant Dallas County Junior College District is a body politic of the State of Texas, created under Article 2815h, Vernon's Ann.Tex.Civ.St. As such it is a State educational agency and can perform only governmental functions, and while exercising its governmental functions is not answerable in a suit sounding in tort. Braun v. Trustees of Victoria Ind. Sch. Dist., Tex.Civ.App., Er. Ref., 114 S. W.2d 947; Campbell v. Hillsboro Ind. Sch. Dist., Tex.Civ.App. (n.w.h.) 203 S.W.2d 663; Russell v. Edgewood Ind. Sch. Dist., Tex.Civ.App., n.r.e., 406 S.W.2d 249; Treadaway v. Whitney Ind. Sch. Dist., Tex.Civ.App. n.w.h., 205 S.W.2d 97.

■ The Russell case, supra, further holds that the Superintendent is likewise not answerable in a cause sounding in tort for his actions while discharging his governmental educational functions.

■ Thus, even if defendants induced the breach of a contract between plaintiffs and Lone Star, defendants are not answerable in this suit.

■ Moreover, the College District acquired the property of Lone Star through eminent domain proceedings, which it was authorized to do. And if a person has a legal right to do something, he can proceed to do so without fear of legal consequences, even though he may have acted through bad motives. Burnett v. Word, Inc., Tex.Civ.App., W/E Dism'd, 412 S.W.2d 792; Chapman v. Pollock, D. C., 148 F.Supp. 769.

The judgment is correct. Defendants are not liable as a matter of law. Plaintiffs' points and contentions are overruled.

Affirmed.

WILSON, Justice (concurring).

I concur in the judgment on the basis the land was acquired by eminent domain.