**Celestino TORRES et ux., Appellants,**

**v.**

**The STATE of Texas et al., Appellees.**

**No. 11881.**

Court of Civil Appeals of Texas, Austin.

Feb. 9, 1972.

Rehearing Denied March 8, 1972.

Joseph Latting, Austin, for appellants.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Sam McDaniel, Staff Legal Asst. Atty. Gen., J. C. Davis and Jack Sparks, Asst. Attys. Gen., Austin, for appellees.

SHANNON, Justice.

This appeal involves the construction of the Texas Torts Claims Act, Article 6252–19, Texas Revised Civil Statutes.[1]

Appellants, Celestino Torres and wife, Mrs. Torres, sued appellees, The State of Texas and The Texas Education Agency, as surviving parents of Alejandro C. Torres in a survivorship and wrongful death action in the district court of Travis County. The decedent, a seventeen year old blind student, drowned on October 7, 1970 in a swimming class in the swimming pool of The Texas School for the Blind. Appellants alleged that the negligence of the lifeguards, as servants and employees of the appellees, proximately caused the death of their son. Appellees filed a motion for summary judgment which the district court granted.

Governmental immunity is a common law doctrine recognized early in Texas. Hosner v. DeYoung, 1 Tex. 764 (1847). This precept deprives the judiciary of power to adjudicate suits against the government, the theory being that the sovereign is above the courts and, accordingly, is not susceptible to suit in its own courts. Southern Methodist University: Majure, Minick, and Snodgrass, *The Governmental Immunity Doctrine in Texas—An Analysis and Some Proposed Changes*, 23 S.W.L.J. 341 (1969).

Governmental immunity in Texas was expressed by two basic principles of law. First, the State, as the sovereign, could not be sued without its consent. Texas-Mexican Ry. v. Jarvis, 80 Tex. 456, 15 S.W. 1089 (1891), Hosner v. DeYoung, *supra.* Second, assuming such consent was given by the legislature, it was said that the State still was not liable for the torts of its agents or employees. Texas Highway Dept. v. Weber, 147 Tex. 628, 219 S.W.2d 70 (1949). Brooks v. State, 68 S.W.2d 534 (Tex.Civ.App.1934, writ ref'd). 23 S.W. L.J. 341, *supra.* Dissatisfaction with the application of this immunity culminated in the enactment of the Torts Claims Act.[2]

The aegis of immunity once afforded the State, its agencies, and political divisions has been removed by the Act, except in specific instances. Section 3 provides in part as follows:

"Each unit of government in the state shall be liable for money damages for personal injuries or death when proxi-

---

1. Sometimes referred to in this opinon as the "Act."

2. University of Texas: Greenhill and Murto, *Governmental Immunity*, 49 Texas L.Rev. 462 (1971).

mately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment . . . under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state . . ."

Section 2(1) defines "Unit of government" or "units of government" as meaning:

". . . the State of Texas and all of the several agencies of government which collectively constitute the government of the State of Texas, specifically including . . . school districts . ."

In their motion for summary judgment appellees claimed that as a matter of law they were not liable because of Section 18(b) and Section 19A of the Act.

Section 18(b) provides in part as follows:

"As to premise defects, the unit of government shall owe to any claimant only the duty owed by private persons to a licensee on private property, unless payment has been made by the claimant for the use of the premises . . ."

Section 19A, as it existed on October 7, 1970, read as follows:

"The provisions of this Act shall not apply to school districts except as to motor vehicles." [3]

Appellants urge by one point of error that the court "erred in granting the motion for summary judgment." Appellants suggest that Section 18(b) is not applicable since theirs is not a premise defect case. Section 19A is inapplicable, appellants argue, since they did not sue The Texas School for the Blind but rather sued appellees, The State of Texas and The Texas Education Agency, which are "units" of government as defined in Sec. 2(1) of the Act. Appellants maintain, that even if The Texas School for the Blind is a school districts within Sec. 19A and is immune from suit, such immunity does not benefit appellees since they are not specifically immune under the Act. Such a conclusion is compelled, appellants assert, by Sec. 13 which provides that, "The provisions of this Act shall be liberally construed to achieve the purposes hereof."

■ We hold Section 18(b) inapplicable since appellants' suit is not one grounded on a premise defect.

■ Appellees' summary judgment proof shows that The Texas School for the Blind Independent School District was created in 1928. Since that date The Texas School for the Blind has been maintained and operated as an independent school district, and is presently under the jurisdiction and control of the Central Education Agency. We hold that Section 19A is applicable to

3. Sec. 19A effective as of August 30, 1971 now reads, "The provisions of this Act shall not apply to school districts or to junior college districts except as to motor vehicles."
In commenting on the reasons for the school district exemption in the Act, Justice Joe Greenhill has written, "The Act's final form is the result of concessions to various groups, who received special treatment from the bill's proponents in return for not opposing it . . . Perhaps the most significant concession was that achieved by the school districts whose liability was limited to motor vehicles. Since the use of school premises by children is, of course, extensive, this provision creates a large exception to the Act's general elimination of governmental immunity for premise defects." University of Texas: Greenhill and Murto, *Governmental Immunity*, 49 Texas L.Review 462, 468 (1971). See also casenote in 22 Baylor L.Review 419 (1970).

The Texas School for the Blind as it is an independent school district.

The language of Section 19A is plain and its meaning obvious. School districts are exempted from the provisions of the Act except for personal injuries or death arising from the operation of motor vehicles. Appellants may not, by selecting party defendants, avoid the operation of Section 19A. Otherwise, appellants could by indirection achieve that which the Legislature by Section 19A has specifically denied.

The judgment of the trial court is affirmed.

Affirmed.