**Lonnie Ross CALHOUN, Individually and as next friend for his minor son, David Ross Calhoun, Appellants,**

v.

**PASADENA INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 821.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 16, 1973.

Rehearing Denied June 6, 1973.

David J. Nagle, Houston, Thomas F. Lay, Pasadena, for appellants.

Stanley D. Baskin, Baskin, Fakes & Stanton, Pasadena, for appellee.

CURTISS BROWN, Justice.

This is a suit for damages against the Pasadena Independent School District alleging injuries occurring during a physical education class on the school premises. Principal allegations of negligence include: failure to properly supervise, failure, to properly instruct or to warn plaintiff, failure to adequately inform supervisory personnel to expect the danger involved, etc. On plea in abatement and plea to the jurisdiction raising the defense of governmental immunity, the trial court entered judgment that the suit be dismissed and that appellants take nothing.

Appellants make a frontal attack on the doctrine of governmental immunity. We agree that this doctrine (perhaps erroneously based upon the proposition that "The king can do no wrong") has little, if any, justification in these times. Essentially the doctrine arose out of judge made

law and can be abrogated or modified by court decision. Many courts without legislative intervention have abolished the immunity effective immediately or prospectively. Other jurisdictions have adhered to the doctrine treating the problem as one for the legislature.

Major changes in established law should be made by our Supreme Court. Meska v. City of Dallas, 429 S.W.2d 223 (Tex.Civ. App.—Dallas 1968, writ ref'd). Even though we recognize our duty to follow established law we would not hesitate to announce new law in situations where the exact point has not been passed upon or where there is some indication that the Supreme Court might sanction modification of existing law.

■ Neither do we join those who place all responsibility for change of established principles on the Legislature. Frequently Courts are as well or better equipped to effectuate needed change. The matter presently before the Court, however, is not such a situation. By adoption of the Texas Tort Claims Act, Vernon's Tex.Rev. Civ.Stat.Ann. art. 6252–19 (1969), effective January 1, 1970, the Legislature has dealt with this problem. One may agree or disagree with such legislation in whole or in part. The fact remains, however, that the Legislature has provided in section 19A of such Act as follows:

"The provisions of this Act shall not apply to school districts or to junior college districts except as to motor vehicles". (As amended 1971.)

■ The Legislature is in a better position than the judicial branch of government to establish procedures, limits of liability and exclusions, and make provision for insurance or other methods of funding payment of tort claims against school districts. Education is indeed big business and it is recognized as vitally important by the people of this state. Despite its importance it is unfair that the full loss for personal injuries should be visited upon the victim rather than the risk spread on some measured basis among the community. At some time the Supreme Court may reconsider the question of tort immunity of school districts arising from activities other than motor vehicles. We do not believe that the Court will do so at this time shortly following the enactment of the Texas Tort Claims Act. City of Houston v. George, 479 S.W.2d 257, 259 (Tex.Sup. 1972). Certainly we will not. Torres v. State, 476 S.W.2d 846 (Tex.Civ.App.— Austin 1972, writ ref'd n.r.e.).

■ Appellants raise a constitutional point. They contend that tort liability under the rule of respondent superior in charitable organizations was modified in Watkins v. Southcrest Baptist Church, 399 S.W.2d 530 (Tex.Sup.1966) and abrogated in Howle v. Camp Amon Carter, 470 S.W. 2d 629 (Tex.Sup.1971). Appellants say that had the injured plaintiff been attending a *private* school he would not have been prevented by immunity from a suit for personal injury. Appellants view this result as an invidious discrimination against them and say that it does violence to their constitutional rights, both federal and state. They cite Gomez v. Perez, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973). We overrule this contention. We do not believe that there is a constitutional requirement that *charitable* immunities and *governmental* immunities be treated exactly the same.

We affirm the judgment of the trial court.