Milton Johnny BERNHARD et al., Appellants,

v.

KERRVILLE INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 15648.

Court of Civil Appeals of Texas, San Antonio.

Feb. 9, 1977.

Rehearing Denied March 9, 1977.

Bob Gibbins, Gibbins & Spivey, Austin, for appellants.

Robert B. Summers, Clark, Thornton & Summers, Groce, Locke & Hebdon, Edward P. Fahey, J. Michael Myers, San Antonio, for appellees.

KLINGEMAN, Justice.

This case arose as a result of personal injuries sustained by Mark William Bernhard, a student at Tivy High School of the Kerrville Independent School District (School District), on property owned by the school, while Mark was involved in a vocational-agricultural project. Mark and his father, Milton Johnny Bernhard, were plaintiffs in the trial court, and School District; Paul Barr, former superintendent of such School District; L. E. Blanton, principal of Tivy High School; and Barrie Ward and Charles Bierschwale, two agricultural school teachers at Tivy High School (who will sometimes hereafter be referred to as the "individual defendants"), were defendants.

The trial court granted School District's plea in bar and abatement and the individual defendants' motion for summary judgment, and plaintiffs' suit was dismissed.

Mark Bernhard had taken a vocational-agricultural course as a freshman student at Tivy High School and had enrolled to take another such course for his forthcoming senior year. In connection therewith, he had to have an agricultural project, pursuant to which he was raising a calf. The School District had a 73-acre tract known as the Ag Farm; and although a student was not required to keep or raise the animal at the Ag Farm, he could do so by obtaining permission from the teachers who acted in an advisory capacity.

The incident made the basis of this suit occurred on Saturday, July 13, 1974, a non-school day, and none of the teacher personnel were present at the time of the accident. Mark was at the Ag Farm with his parents and some friends at such time where he was weighing and worming calves. During such work the calf owned by Mark, weighing approximately 500 pounds, struck a metal pole which supported a gable roof on a building, an old

army barracks on such premises. The impact caused the pole to fall, resulting in the roof giving in and falling on Mark, causing serious injuries to him. At the time of the occurrence, School District had a comprehensive general liability policy.

Plaintiff alleged that the defendants were negligent in failing to properly inspect, maintain, or supervise the premises in question, and that they allowed the premises to be used when they were in a condition of disrepair. Defendants denied liability generally and also plead contributory negligence, unavoidable accident, governmental immunity, the condition was open and obvious, and no legal duty. The individual defendants (school employees) also plead other defenses.

Plaintiffs assert five points of error; three of which complain of error of the trial court in granting the individual defendants' motion for summary judgment; and two of which complain that the trial court erred in sustaining the School District's plea in bar and abatement. In this opinion, the points of error pertaining to the School District, and those pertaining to the individual defendants, will be discussed separately.

## KERRVILLE INDEPENDENT SCHOOL DISTRICT

By two points of error plaintiffs assert that the trial court erred in granting School District's plea in bar and abatement because: (1) Section 19A of Art. 6252–19, Tex.Rev.Civ.Stat.Ann. (1971), does not serve as a statutory restriction on the power of the judiciary to abrogate the archaic doctrine of governmental immunity with respect to school districts. (2) The School District waived any immunity it may have had by purchasing a liability insurance policy.

Plaintiffs acknowledge that under both present statutory provisions and case law of this State the judgment of the trial court as to the School District is supportable. They argue, however, that this Court, or some other court of this State, should abrogate the doctrine of governmental immunity. They point out that this is a proper function of the courts; that many jurisdictions have done away with the doctrine; that none of the reasons advanced in support of the school district immunity have any validity today; and that this Court should refuse to follow this archaic doctrine.

█ In Texas, an independent school district is an agency of the State and, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort. *Russell v. Edgewood Independent School District,* 406 S.W.2d 249 (Tex.Civ.App.—San Antonio 1966. writ ref'd n.r.e.); *Coleman v. Beaumont Independent School District,* 496 S.W.2d 245 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.); *Calhoun v. Pasadena Independent School District,* 496 S.W.2d 131 (Tex.Civ. App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.); *Braun v. Trustees of Victoria Independent School District,* 114 S.W.2d 947 (Tex.Civ.App.—San Antonio 1938, writ ref'd).

If this Court was prepared to reform the rule of liability of school districts in this respect, we would be met by the Texas Tort Claims Act, Art. 6252–19, which deals with this problem. In this Act the Texas Legislature thereby provides in Sec. 19A that:

The provisions of this Act shall not apply to school districts or to junior college districts except as to motor vehicles.

This Court does not choose to overrule the previous holdings of the judiciary of this State pertaining to governmental immunity of School District, which overruling would have to be done in face of a contrary legislative determination controlling after adoption of the Texas Tort Claims Act. *See City of Houston v. George,* 479 S.W.2d 257 (Tex.1972); *Torres v. State,* 476 S.W.2d 846 (Tex.Civ.App.—Austin 1972).

Plaintiffs also contend that the School District waived any immunity it may have by purchasing a liability insurance policy. Plaintiffs cite no Texas cases in support of this contention, but argue in support thereof:

(1) Several states have adopted the "insurance waiver theory" in order to provide

some remedy to the harsh results produced by the doctrine of governmental immunity.[1]

(2) The Supreme Court of this State has not directly addressed this problem insofar as it applies to governmental immunity, and the Supreme Court's decision in *Watkins v. Southcrest Baptist Church,* 399 S.W.2d 530 (Tex.1966), involves the doctrine of charitable immunity and is distinguishable.

(3) The Texas cases which have refused to apply the insurance waiver theory as to governmental immunity are not well reasoned and should be overruled.

In *Watkins v. Southcrest Baptist Church, supra,* the Court said:

We note that most jurisdictions have refused to recognize an exception to the immunity doctrine based upon the existence of liability coverage. . . . This Court by refusal of a writ of error approved the holding that the purchase of insurance under legislative sanction by a state agency to protect state officers and employees from liability growing out of the use of vehicles did not constitute the waiver of governmental immunity. *Texas Prison Board v. Cabeen,* 159 S.W.2d 523 (Tex.Civ.App.1942). . . . We overrule petitioner's contention that by procuring indemnity insurance the church waived its charitable immunity.[2]

We have found no Texas cases supporting plaintiffs' contention and all we have found are to the contrary. In *Sears v. Colorado River Municipal Water District,* 487 S.W.2d 810 (Tex.Civ.App.—Eastland 1972, writ ref'd n.r.e.), the Court said:

They contend the court erred in rendering a summary judgment because the district waived its defense of governmental immunity and was estopped to assert it because it had entered into a contract of public liability insurance which provided for coverage for damages such as those suffered by these plaintiffs. We find no merit in this point of error.

■ In *Jones v. Texas Gulf Sulphur Co.,* 397 S.W.2d 304 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.), the Court said:

It is equally clear that the District did not waive its governmental immunity nor was it estopped to claim the same by reason of having taken out a liability insurance policy. . . . Waiver and estoppel are defensive in nature and operate to prevent the loss of existing rights. They do not operate to create liability where it does not otherwise exist. . . . While there may be some cases in other jurisdictions which hold that recovery may be had in a tort action within the limits of a comprehensive liability insurance policy taken out by a defendant claiming governmental immunity, the decisions in this State and in the majority of the states of the Union hold to the contrary.[3]

Because of the applicable statutory provisions and existing Texas court decisions, we overrule all of plaintiffs' points of error pertaining to School District.

## THE INDIVIDUAL DEFENDANTS

The individual defendants here involved are Paul Barr, a former superintendent of the School District; L. E. Blanton, a principal of Tivy High School; and Barrie Ward and Charles Bierschwale, agricultural school teachers at Tivy High School.

Plaintiffs contend that the trial court erred in granting the individual defendants' motion for summary judgment because: (1) These defendants are statutorily liable for their negligence which resulted in personal injury to students. (2) These defendants

---

1. Many jurisdictions have held that the procurement of liability insurance by a governmental unit has no effect upon its immunity from tort liability.

2. In *Watkins v. Southcrest Baptist Church, supra,* the Court also said; "However, the all important factor is that the procuring of indemnity insurance cannot create liability where none exists in the absence of such insurance."

3. See Annot., 68 A.L.R.2d 1437, 1438 (1959), where it is said, "In a majority of jurisdictions it is held that the procurement of liability or indemnity insurance by a governmental unit has no effect upon its immunity from tort liability."

were responsible for insuring that the Ag Farm building was safe for use by students. (3) These defendants were not entitled to a summary judgment in their favor as a matter of law.

In summary judgment cases the question on appeal, as well as in the trial court, is not whether summary judgment proof raises fact issues with reference to essential elements of a plaintiff's claim or cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex. 1970); *Farley v. Prudential Insurance Co.,* 480 S.W.2d 176, 178 (Tex.1972).

The burden of proof that there is no genuine issue of any material fact rests upon the movant and all doubts as to the existence of a general issue of material fact must be resolved against the party moving for summary judgment. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. If a motion for summary judgment involves the credibility of affiants or deponents, or the weight of the showings, or a mere ground of inference, the motion should not be granted. *Parrott v. Garcia,* 436 S.W.2d 897 (Tex.1969); *Campbell v. Avinger,* 505 S.W.2d 788 (Tex.1974); *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41 (Tex. 1965).

We consider first plaintiffs' contention that these defendants are statutorily liable where their negligence results in personal injury to students, under the provisions of the Tex.Educ.Code. We have heretofore held that the master, Kerrville Independent

School District, is protected by the doctrine of governmental immunity, and at first impression it would appear that its servants and employees would also be so protected. This is not necessarily so. The Texas Tort Claims Act, Art. 6252–19, Sec. 19A, protects the school districts, as hereinbefore pointed out. No such statutory protection is given to the servants and employees of the District. To the contrary, § 21.912, Subd. (b), Tex.Educ.Code Ann. (Supp.1976), appears to remove any such protection.[4] At first glance the provisions of Subd. (b) would appear to be designed to protect professional employees from liability for acts done within the scope of their employment; however, Subd. (b) then provides that professional employees are not immune from liability for either (1) the use of excessive force in the discipline of students; or (2) negligence resulting in bodily injury to students.

The individual defendants cite *Campbell v. Jones,* 153 Tex. 101, 264 S.W.2d 425 (1954); *Russell v. Edgewood Independent School District, supra* ; and *Dealey v. Dallas County Junior College District,* 434 S.W.2d 724 (Tex.Civ.App.—Waco 1968, writ ref'd n.r.e.), in support of their contention that they are protected from liability under the doctrine of governmental immunity. These cases are all prior to the adoption of the provisions of the Tex.Educ.Code, hereinbefore discussed.

*Campbell v. Jones* was a suit for breach of contract rather than a tort negligence suit; and *Russell* and *Dealey* are not tort suits based on any negligence theory, but involve tort suits against professional employees for decisions made within their discretionary administrative activities.

We have found no cases construing this provision of the Tex.Educ.Code. In fact,

---

4. Art. 21.912, Tex.Educ.Code, Subd. (b). "No professional employee of any school district within this state shall be personally liable for any act incident to or within the scope of the duties of his position of employment, and which act involves the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students

or negligence resulting in bodily injury to students." Sec. 21.912, *Duties of Professional Employees; Liability,* was adopted in 1973 by the 63rd Legislature; however, it was merely a recodification of the then existing law which was passed in 1971 by the 62nd Legislature, and the provisions herein involved are the same.

the only Texas case we have found regarding the liability of school professional employees for their negligent acts is *Sewell v. London,* 371 S.W.2d 426 (Tex.Civ.App.— Texarkana 1963, no writ), which arose prior to the adoption of the Tex.Educ.Code, where the Court held that school professional employees could be held liable for their negligent acts which resulted in personal injury to students. In this case, the injured student alleged various acts of negligence on the part of his teacher, including improper supervision and instruction, and an allegation that the teacher required the pupil to use a defective power saw. The trial court granted the teacher's motion for summary judgment. The Appellate Court reversed and remanded holding that the evidence raised disputed fact issues in connection with the alleged negligence of the teacher.

Plaintiffs also contend that under the evidence defendants were not entitled to a judgment as a matter of law and that the trial court erred in granting a summary judgment.

The summary judgment evidence before the court consists of admissions, written interrogatories, and depositions. Without setting forth in detail the summary judgment evidence, there are conflicts and disputes in some material areas.

■ We have concluded that the trial court improperly granted the individual defendants' motion for summary judgment because: (1) these defendants did not establish as a matter of law that they were immune from liability under the doctrine of governmental immunity; (2) the summary judgment evidence does not establish that they were entitled to a judgment as a matter of law. The summary judgment proof does not establish as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of plaintiffs' cause of action.

The judgment is affirmed as to Kerrville Independent School District. The judgment granting the individual defendants' motion for summary judgment is reversed, and plaintiffs' suit against the individual defendants is remanded to the trial court for a new trial.