Tom Campbell et al v. Mrs. Frances Jones et vir

No. A-4203. Decided February 10, 1954.
(264 S.W. 2d Series 425)

102

*Small, Small & Craig* and *C. C. Small, Jr.,* of Austin, for petitioners.

The Court of Civil Appeals erred in holding that the issue of whether or not there existed a value and binding contract between the Wellington Independent School District and Mrs. Jones, was foreclosed against the school district by virtue of the ruling of the State Superintendent; the State Board of Education and the Judgment of the District Court of Travis County. The Court of Civil Appeals also erred to holding that Mrs. Jones had a valid contract with said school district. Thomas v. Farris, Texas Civ. App., 132 S.W. 2d 435; Coker v. Logan, 101 S.W. 2d 284, writ refused; Caruth v. Grigsby, 57 Texas 259.

*Critz, Kuykendall, Bauknight & Stevenson and F. L. Kuyken-dall,* all of Austin, for respondents.

The Court of Civil Appeals did not err in holding that Mrs. Jones had a valid contract with the Wellington Independent School District, under the facts of this case. Ex parte Foster, 188 S.W. 2d 382; Pearsall v. Woolls, 50 S.W. 959; Sterrett v. Bell, 240 S.W. 2d 516.

MR. CHIEF JUST'CE HICKMAN delivered the opinion of the Court.

The question for decision in this case is the personal liability of trustees of an independent school district for the alleged breach of a contract with a teacher. The facts are fully stated in the opinion of the Court of Civil Appeals, for which see 257 S.W. 2d 871.

On April 20, 1949, the Board of Trustees of the Wellington Independent School District met for the purpose of electing

teachers for the school year 1949-1950. Teachers without degrees were elected, conditioned upon their qualifying by complying with the regulations of the State Department of Education. Respondent, Mrs. Frances Jones, was one of the teachers who was conditionally elected. She did not hold a degree, and a bulletin issued by Dr. L. A. Woods, State Superintendent of Public Instruction, together with a letter transmitting same to the Superintendent of the Wellington Public Schools appeared to prescribe that all teachers who began teaching after 1934 would be required to have degrees to be eligible to teach in the Wellington schools during the 1949-1950 session. Mrs. Jones attended summer school in 1949, but was not awarded a degree. On August 31, 1949, she was notified that her services would not be needed, and on the following day a degree teacher was employed in her place. On November 10, 1949, after a hearing, the State Superintendent ruled that Mrs. Jones had a valid contract to teach in the Wellington schools for the year 1949-1950, and that the School District was obligated to pay her salary in full for that year. On appeal by the School Board, the State Board of Education affirmed this ruling one year later, and ordered the School District to pay Mrs. Jones $1,246.50. She had procured employment as teacher in another school system during that year, and it was stipulated that the difference between what she was paid and what she would have been paid had she taught in the Wellington school was that amount. The School District filed suit in the District Court of Travis County to set aside the administrative rulings. Respondent intervened, and on January 22, 1952, judgment was rendered affirming the action of the Board. That judgment accomplished nithing in practical effect, for the reason that the funds for the school year 1949-1950 had been exhausted for operating the schools for that year and funds appropriated for operating the school on subsequent years could not be used to pay obligations accruing during a previous year. City State Bank in Wellington v. Wellington Independent School District, 142 Texas 344, 178 S.W. 2d 114.

The instant suit was brought by Mrs. Jones, joined by her husband, against the individual members of the Board of Trustees of the School District to establish their personal liability, jointly and severally, for the amount of her damages. It was in the form of a cross-action in a suit filed by the trustees against her for slander, in which they later took a non-suit. Although some of the defendants were not members of the Board when Mrs. Jones was notified that her services were not needed and others were not members when the school funds were later exhausted in the operation of the school, it was held that all had

participated in some part of the transaction, and, accordingly, judgment was rendered against all, jointly and severally, for the amount of her damages. That judgment was affirmed by the Court of Civil Appeals.

The trustees sought to defend against the claim of personal liability by offering to introduce evidence which they claimed would disclose that no contract ever existed. This evidence was excluded by the trial court on the ground that it had been held in the proceedings above mentioned that a contract did exist, and that the trustees were conclusively bound by the judgment of the Travis County District Court above referred to establishing the validity of the contract as against the School District. We do not pass on the question of whether the ruling is correct, for the reason that, were we to rest our decision upon the ground that the trustees were not concluded by the prior judgment, the result would be to remand the cause to permit introduction of evidence as to the existence or not of a contract between Mrs. Jones and the School District; whereas, on the ground next to be considered, it is our view that judgment should be rendered by this court in favor of the trustees.

An inspection of the documentary evidence which was excluded by the trial court but brought up in a bill of exceptions reveals that there was ground for an honest belief by the trustees that Mrs. Jones had not met the conditions of her election by complying with the requirements of the State Department of Education. So completely would the facts have exonerated the trustees from all charges of misconduct that it was stipulated by the parties as follows:

### "STIPULATION NO. 7

"On or about September 1, 1949, the Wellington Independent School District employed a teacher who held a degree from an accredited college or university to fill the position formerly held by Mrs. Frances Jones in the schools of said District. At the time said other teacher was employed and at all times since said employment, the Cross-Defendants actually believed in good faith that no contract existed in favor of Mrs. Frances Jones because she could not then qualify under the minimum standards transmitted to the District by L. A. Woods, State Superintendent. That in the expenditure of funds accruing to Wellington Independent School District for the school year 1949-1950 the Cross-Defendants acted in the good faith belief that the said Frances Jones did not hold a contract to teach in the Wellington Schools

during said year and that Wellington Independent School District was not indebted to her in any sum of money. That all expenditures made by the Trustees during said school year were made in connection with the operation and maintenance of the schools of said District and that all the funds received by said District during the year 1949-1950 were exhausted by such expenditures. That the Cross-Defendants acted at all times without any intent to deprive Cross-Plaintiff of any funds rightfully due her; without any corrupt motives; and without bad faith in any respect. That Cross-Defendants acted on the advice of legal counsel, which advice was that no contract existed between the School District and Cross-Plaintiff and no money was due Cross-Plaintiff from said District. That Cross-Defendants acted in all respects as to the transactions involved in this cause according to their best judgment in the matter. That all funds collected by the School District for the year 1949-1950 were expended before a final judgment of any kind was rendered against the District in favor of Cross-Plaintiff."

■ In our view that stipulation completely exonerates the trustees from personal liability. To hold them personally liable when they were guilty of no wrong whatsoever, but in good faith were trying to comply with what reasonably appeared to be the then rulings of the State Superintendent, would be to impose upon public officials charged with discretionary duties personal liability for mistaken judgment. We cannot assent to that doctrine. The true rule is stated in Mechem on Public Officers in this language:

"§ 718. *School Officers not liable for Errors in Judgment.*— Being required by law to exercise their judgment and discretion in the management and control of the schools within their jurisdiction, it is well settled that, like other *quasi*-judicial officers, they cannot be held liable to an individual for any injury which he may have sustained by reason of any error of judgment, however great, committed by them while acting honestly and in good faith within their jurisdiction.

"§ 719. *Are liable only when actuated by Malice.*—Such officers are, however, held liable when, and only when, in the exercise of the powers conferred upon them, they have acted wilfully or maliciously."

That is the rule in this State. Comanche County v. Burks, 166 S.W. 470, error refused; Wright v. Jones, 14 Texas Civ. App., 423, 38 S.W. 249, error denied; 34 Tex. Jur., pp. 466 et seq. The principal decision relied upon to fix liability of the trustees is

Borger Independent School District et al v. Dickson, 52 S.W. 2d 505, error refused. In that case the jury found that the school board had not acted in good faith but had acted from corrupt motives. The stipulation in the instant case is quite to the contrary.

It is regrettable that this teacher who had rendered acceptable service for several years prior to the 1949-1950 school year in the Wellington schools, and who was making progress toward procuring a degree, should have been placed in the position in which she found herself, but, under the record in this case, no blame for that situation can be visited upon these trustees. They in good faith exercised their best judgment in the premises; were guilty of no wrong, and, therefore, should not be held to respond in damages.

The judgments of the trial court and Court of Civil Appeals are both reversed, and judgment is here rendered that respondents take nothing by their suit.

Opinion delivered February 10, 1954.