

# The Attorney General of Texas

December 23, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill Messer, Chairman
Calendars Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-404

Re: Immunity of public officials under the Texas Free Enterprise and Antitrust Act of 1983

Dear Representative Messer:

You have requested our opinion regarding the extent of the immunity granted to officers and employees of governmental entities acting in their official capacity under the Texas Free Enterprise and Antitrust Act of 1983.

The Texas Free Enterprise and Antitrust Act of 1983 [hereinafter the "Act"] broadly prohibits anticompetitive conduct affecting trade and commerce in the state of Texas. Tex. Bus. & Comm. Code §15.05(a)-(d). There are civil and criminal sanctions for violating the Act's prohibitions, and persons injured by a violation may sue for injunctive relief and damages. Id. §§15.20, 15.21, 15.22. Treble damages may be awarded if the unlawful conduct was willful or flagrant. Id. §15.21. The purpose of the Act is to "maintain and promote economic competition within this State." Id. §15.04.

Section 15.21(a)(1) of the Act provides in part:

> Any person or governmental entity, including the State of Texas and any of its political sub-divisions or tax-supported institutions, whose business or property has been injured by reason of any conduct declared unlawful in Subsection (a), (b), or (c) of Section 15.05 of this Act may sue any person, other than a municipal corporation, in district court in any county of this state. . . . (Emphasis added).

The term "person" is defined in section 15.03(3) which provides:

> The term 'person' means a natural person, proprietorship, partnership, corporation, municipal corporation, association, or any other public or private group, however organized, but does not

> include the State of Texas, its departments, and its administrative agencies.  (Emphasis added).

Thus, the Act's definition of "person" expressly excludes the State of Texas, its departments, and its administrative agencies, while municipal corporations are expressly excepted from suit under section 15.21(a)(1).  See also Tex. Bus. & Comm. Code §§15.20, 15.22 (enforcement suits against "any person, other than a municipal corporation").

The term "municipal corporation" is not defined in the Act. However, the general meaning of the term includes other political subdivisions organized under state law.  See Welch v. State, 148 S.W.2d 876 (Tex. Civ. App. - Dallas 1941, writ ref'd); see also State v. Texas Municipal Power Agency, 565 S.W.2d 258 (Tex. Civ. App. - Houston [1st Dist.] 1978, no writ).  In addition, the legislature is authorized to create municipal corporations other than those set out in the constitution, such as counties, cities or school districts, or those which are authorized under special provisions of the constitution, such as water districts or flood control districts.  See Davis v. City of Lubbock, 326 S.W.2d 699 (Tex. 1959).  Accordingly, we conclude that the immunity granted to municipal corporations under the Act extends to all political subdivisions organized under the constitution and statutes of this state.

The Act does not address the immunity of state and local officials from personal liability under its provisions.  Official immunity is a common law doctrine developed by the courts so that public officers could carry out discretionary duties without fear of personal liability for mistaken judgment.  Campbell v. Jones, 264 S.W.2d 425 (Tex. 1954); Rains v. Simpson, 50 Tex. 495 (1878).  The doctrine of official immunity is certainly not absolute.  It does not bar a suit to enjoin a public official's unauthorized act.  See Texas Highway Commission v. Texas Association of Steel Importers, 372 S.W.2d 525 (Tex. 1963); Bullock v. Hardin, 578 S.W.2d 550 (Tex. Civ. App. - Austin 1979, writ ref'd n.r.e.).  Nor does it apply to ministerial functions.  Rains v. Simpson, 50 Tex. 495 (1878); see also Worsham v. Votgsberger, 129 S.W. 157 (Tex. Civ. App. 1910, no writ).

Judges, including justices of the peace, are immune from personal liability for all acts or omissions arising in the course of a judicial proceeding over which they have jurisdiction.  Turner v. Pruitt, 342 S.W.2d 422 (Tex. 1961).  Cf. Pulliam v. Allen, 104 S.Ct. 1970 (1984); Stump v. Sparkman, 435 U.S. 349 (1978) (state judges enjoy absolute immunity from damage liability in civil rights suits under 42 U.S.C. section 1983 but may be required to pay attorney fees in successful suits for injunctive relief).  Only when a judge clearly acts without jurisdiction may he be held personally liable in a damage suit under the act.  Turner v. Pruitt, supra.  Similarly, legislators, including city council members, are entitled to absolute immunity from

civil damage suits for acts taken in a legislative capacity. See Affiliated Capital Corp. v. City of Houston, 735 F.2d 1555, 1568 (5th Cir. 1984). Other officers who perform discretionary functions have only a qualified immunity from suit for personal liability. Harlow v. Fitzgerald, 457 U.S. 800 (1982) (presidential aides); Campbell v. Jones, 264 S.W.2d 425 (Tex. 1954) (school trustees); Sanders State Bank v. Hawkins, 142 S.W. 84 (Tex. Civ. App. - Texarkana 1911, no writ) (State Commissioner of Insurance and Banking). Their discretionary functions are described as "quasi-judicial" functions.

The Texas courts apply a different test from the federal courts to determine whether an officer's qualified immunity protects him from personal liability. A quasi-judicial officer who acts within his legal authority is not liable for damages, no matter what his motive is. Sanders State Bank v. Hawkins, supra. Texas courts will find him liable for mistaken judgment or unauthorized acts only when he has acted willfully or maliciously. Campbell v. Jones, supra; Stein v. Highland Park Independent School District, 540 S.W.2d 551 (Tex. Civ. App. - Texarkana 1976), aff'd, 574 S.W.2d 807 (Tex. Civ. App. - Texarkana 1978, writ dism'd); Sanders State Bank v. Hawkins, supra. As other Texas courts have formulated this test, a quasi-judicial officer is entitled to immunity as long as actions taken in his official capacity are in good faith. Augustine v. Nusom, 671 S.W.2d 112 (Tex. App. - Houston [14th Dist.] 1984, writ ref'd n.r.e); Baker v. Story, 621 S.W.2d 639 (Tex. App. - San Antonio 1981, writ ref'd n.r.e.); Morris v. Nowotny, 323 S.W.2d 301 (Tex. Civ. App. - Austin 1959, writ ref'd n.r.e.), cert. denied 361 U.S. 889, 361 U.S. 921 (1959). The Texas test can be characterized as a subjective test, because the officer's motivation for his unauthorized conduct controls whether or not he is immune from suit for damages.

The United States Supreme Court has developed an objective test for determining the qualified immunity of officers. In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the court held that

> government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known,

457 U.S. at 818. Under this test, the officer's immunity depends upon what "a reasonable person would have known," and subjective intent for the action is not considered.

Prior decisions had developed a "good faith" standard, an affirmative defense which the defendant official had to plead. The "good faith" standard consisted of both an objective and subjective

aspect. 457 U.S. at 815; see Wood v. Strickland, 420 U.S. 308 (1975). Qualified immunity would be defeated if the official

> knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury. . . . (Emphasis in original).

457 U.S. at 815 (quoting Wood v. Strickland). The Harlow court rejected the subjective element of the good faith defense because it raised a fact question which could not be resolved on summary judgment and thus frustrated the court's policy that insubstantial claims should not proceed to trial. Therefore, in Harlow the court abandoned the subjective element of the two part test for official immunity in favor of the test quoted above, which relies "on the objective reasonableness of an official's conduct, as measured by clearly established law. . . ." 457 U.S. at 818.

The Texas courts have applied the malice test for decades, and we believe they would apply it to questions of official immunity from civil suits under the Texas Free Enterprise and Antitrust Act. See, e.g., Augustine v. Nusom, supra; Sanders State Bank v. Hawkins, supra; Wright v. Jones, 38 S.W. 249 (Tex. Civ. App. 1896, writ ref'd). During the time the United States Supreme Court applied the two part "good faith" test for official immunity, the Texas courts continued to apply the traditional test based on malicious or willful conduct. See Baker v. Story, supra; Stein v. Highland Park Independent School District, supra; see also Salcedo v. Diaz, 647 S.W.2d 51 (Tex. App. - El Paso 1983), writ ref'd n.r.e. in part, granted in part, 650 S.W.2d 67 (Tex. 1983), rev'd 659 S.W.2d 30 (Tex. 1983). The Texas courts have adhered to the long-established Texas common law test for qualified official immunity and have not adopted or been influenced by recent developments in the federal common law test. In our opinion, the Texas courts would apply the traditional malice standard to determine official immunity from liability for civil suits under the Texas Free Enterprise and Antitrust Act.

The legislature, in our opinion, did not change the common law rule on official immunity by enacting the antitrust law. Section 15.04 does provide:

> The purpose of this Act is to maintain and promote economic competition in trade and commerce occurring wholly or partly within the State of Texas and to provide the benefits of that competition to consumers in the state. The provisions of

> this Act shall be construed to accomplish this
> purpose and shall be construed in harmony with
> federal judicia. interpretations of comparable
> federal antitrust statutes to the extent con-
> sistent with this purpose. (Emphasis added).

The Fifth Circuit has applied the Harlow objective test in a lawsuit brought under the Sherman Act. See Affiliated Capital Corp. v. City of Houston, 735 F.2d 1555 (5th Cir. 1984). In following Harlow, the Fifth Circuit did not interpret any word or provision of the federal antitrust statute. It instead applied a common law concept which exists outside of any statute to determine whether it could exercise judicial power over a particular public officer. Cf. Director of the Department of Agriculture v. Printing Industries Association of Texas, 600 S.W.2d 264 (Tex. 1980) (sovereign immunity from injunction suit). The Harlow standard defines the federal court's power to hold quasi-judicial officers personally liable in damages for mistakes of law; it does not construe the language of the Sherman Act. Section 15.04 does not require the Texas courts to adopt the Fifth Circuit ruling on official immunity in Affiliated Capital Corp. v. City of Houston.

The legislature has made the state liable for actual damages, court costs and attorney fees adjudged against a state officer or employee sued for an act or omission in the scope of his office or employment if

> (1) the damages arise out of a cause of action
> for negligence, except a willful or wrongful act
> or an act of gross negligence; or

> (2) the damages arise out of a cause of action
> for deprivation of a right, privilege, or immunity
> secured by the constitution or laws of this state
> or the United States, except when the court in its
> judgment or the jury in its verdict finds that the
> officer, contractor, or employee acted in bad
> faith. (Emphasis added).

V.T.C.S. art. 6252-26, §1. The legislature has used the subjective test for official immunity to separate the officers whose damages and legal expenses the state will pay from those whom it will leave to their own resources. It is unlikely that the legislature which finances the defense of public officers for acts of ordinary negligence or good faith violations of legal rights would also intend an officer to be civilly liable under the antitrust act if his conduct violated statutory rights "of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. at 818. See also V.T.C.S. art. 6252-19b, §2(a) (political subdivisions may pay actual damages,

court costs, and attorney fees in negligence suits against officers). In our opinion, the Texas Free Enterprise and Antitrust Act does not change the Texas common law standard for qualified immunity of public officials. Under this standard, public officials will be personally liable for quasi-judicial actions in violation of the Act if they act willfully or maliciously.

S U M M A R Y

Judges and legislators are entitled to absolute immunity from civil damage suits under the Texas Free Enterprise and Antitrust Act of 1983, codified as sections 15.01 through 15.26 of the Texas Business and Commerce Code. No such suit may be maintained against a judge or legislator for acts or violations taken as part of the judicial or legislative process. Executive officials with discretionary duties are entitled to qualified immunity from civil damage suits under the Texas antitrust laws. Such public officials are immune from such suits for unauthorized acts within the scope of their official duties unless they have acted willfully or maliciously. Any public official may be sued to enjoin unauthorized acts or omissions.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General