Brewer v. Carl 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-026-CV

        FREDDIE LOUIS BREWER,
                                                                                       Appellant
        v.

        FAWN D. CARL, ET AL.,
                                                                                       Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 29,063
                                                                                                    

O P I N I O N
                                                                                                    

        Freddie Louis Brewer, a prison inmate, brings this appeal from the dismissal of an in
forma pauperis action filed against Fawn D. Carl, Counsel Substitute, and Raul Mata, Disciplinary
Hearing Officer. See Tex. R. Civ. P. 145. Both defendants are employed at the Hughes Unit,
Texas Department of Criminal Justice - Institutional Division (TDCJ-ID). The court dismissed
the action as frivolous and malicious because the claim had no arguable basis in law or in fact. 
See Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a)(2), (b)(2) (Vernon Supp. 1995). In three
points, Brewer argues that the court dismissed his case in abuse of its discretion and in violation
of the "open courts" provision of article I, section 13, of the Texas Constitution. We will affirm
the judgment.
PROCEDURAL HISTORY
          Brewer's original petition alleges that Carl and Mata negligently denied his right to
procedural due process, in violation of common law theories of negligence and 42 U.S.C. § 1983. 
These allegations arise from an October 20, 1994, incident in which Brewer allegedly cursed and
threatened a TDCJ-ID officer, causing a disruption to prison operations. The TDCJ-ID charged
Brewer with two disciplinary rules violations and found him guilty of those violations at a
November 2, 1994, disciplinary hearing.
          Brewer successfully appealed the disciplinary hearing by filing a departmental grievance. 
The TDCJ-ID overturned the decision reached at the November 2 hearing and struck all penalties
imposed at the hearing from Brewer's record. Brewer seeks compensatory and punitive damages
against Carl and Mata, claiming the administrative remedies he sought and received cannot
adequately compensate him because the relief he obtained by his appeal came after his cell and
commissary restrictions had already been served.
ANALYSIS 
          In point one, Brewer asserts that the court abused its discretion by dismissing his cause
under section 13.001 of the Texas Civil Practice and Remedies Code. Trial courts have great
discretion in dismissing frivolous or malicious in forma pauperis claims. Johnson v. Lynaugh,
766 S.W.2d 393, 394 (Tex. App.—Tyler 1989), writ denied per curiam, 796 S.W.2d 705 (Tex.
1990). An abuse of discretion occurs when the court acts arbitrarily, capriciously, and without
reference to any guiding principles. Smithson v. Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex.
1984).
          Carl and Mata assert the affirmative defense of qualified immunity. Government officers
have a common-law immunity from personal liability while performing discretionary duties in
good faith within the scope of their authority. Campbell v. Jones, 153 Tex. 101, 264 S.W.2d 425,
427 (1954); Wyse v. Dep't of Public Safety, 733 S.W.2d 224, 227 (Tex. App.—Waco 1986, writ
ref'd n.r.e.). This immunity shields a state official from liability for damages unless his conduct
violates "clearly established statutory or constitutional rights of which a reasonable person would
have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 732 L.Ed.2d 396
(1982). Brewer has not established the violation of any statutory or constitutional right and, thus,
has failed to overcome Carl's and Mata's qualified immunity. Therefore, the court properly
dismissed the claim as having no basis in law or in fact, and we overrule point one. See Tex. Civ.
Prac. & Rem. Code Ann. § 13.001(a)(2), (b)(2).
          In point two, Brewer argues that the trial court abused its discretion by not abating the case
to allow him to exhaust administrative remedies according to subsection 1997e(a)(1) of the United
States Code. Subsection 1997e(a)(1) provides:
in any action brought pursuant to section 1983 of this title by an adult convicted of
a crime confined in any jail, prison, or other correctional facility, the court shall,
if the court believes that such a requirement would be appropriate and in the
interests of justice, continue such case for a period of not to exceed 180 days in
order to require exhaustion of such plain, speedy, and effective administrative
remedies as are available.

42 U.S.C.A. § 1997e(a)(1) (West 1994) (emphasis added). The statute plainly grants discretionary
authority to the court. Id. Therefore, contrary to Brewer's contention, the court is under no
mandate to allow him to exhaust administrative remedies. Brewer has also admitted that
exhaustion of administrative remedies would be wholly unavailing. We overrule point two.
          Brewer argues in his last point that the court's dismissal under section 13.001 of the Texas
Civil Practice and Remedies Code violates the "open courts" provision of article I, section 13, of
the Texas Constitution. The open courts provision guarantees that "meaningful remedies must be
afforded, `so that the legislature may not abrogate the right to assert a well-established common
law cause of action unless the reason for its action outweighs the litigants' constitutional right of
redress.'" Trinity River Auth. v. URS Consultants, 889 S.W.2d 259, 261 (Tex. 1994) (quoting
Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 448 (Tex. 1993)). Therefore,
a litigant alleging a violation of the open courts provision must show: 1) that a cognizable
common-law cause of action is being restricted; and 2) that the restriction is unreasonable or
arbitrary when balanced against the purpose and basis of the statute. Sax v. Votteler, 648 S.W.2d
661, 666 (Tex. 1983).
          Brewer has failed both prongs of the Sax test. He has failed to establish a prima facie case
for his assertion of common-law negligence and has not attempted to show how section 13.001 of
the Texas Civil Practice and Remedies Code is unreasonable or arbitrary when balanced against
the purpose and basis of the statute. We overrule point three.
CONCLUSION
          We conclude that the court did not abuse its discretion in dismissing the action because the
claim had no arguable basis in law or in fact. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001. 
We affirm the judgment dismissing Brewer's claims against Carl and Mata.
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 31, 1995.
Do not publish



ustice Gray,

Justice Vance, and

Justice Reyna

Appeal dismissed

Opinion delivered and filed March
 23, 2005

Do not publish 

[CR25]