IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00172-CR

 

Jimmie Dewayne Hudson,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Court at Law

Wise County, Texas

Trial Court No. 56870

 



MEMORANDUM  Opinion










 

      Hudson appeals his conviction for burglary
of a vehicle.  See Tex. Penal
Code Ann. § 30.04(a) (Vernon 2003).  We affirm.

      Motion to Suppress Evidence. 
In Hudson’s first two issues, he contends that the trial court erred in
overruling Hudson’s motion to suppress evidence.  In his first issue, he
complains of his oral statements.[1]  In his second issue, he complains of a
specimen of his saliva.  

      A
defendant is not required to have the evidence which he sought to suppress
admitted in order for the court of appeals to address the merits of an appeal
challenging denial of a pretrial motion to suppress.  [A]ppellate courts must
use a two step inquiry when deciding whether to address the merits of a claim
regarding the trial court’s denial of a pretrial motion to suppress evidence
prior to a guilty plea.  First, the appellate court must identify “the fruits”
that the trial court held would not be suppressed.  McGlynn [v. State],
704 S.W.2d [18,] 21 [(Tex. Crim. App. 1982)].  Second, the appellate court
must determine that these fruits have “somehow been used” by the State.  Kraft
[v. State], 762 S.W.2d [612,] 613-14 [(Tex. Crim. App.
1988)].  If it is not clear from the testimony and exhibits what 
“the fruits” are, then the appellate court need not address the merits of the
claim.  Likewise, if the fruits have not “somehow been used” by the State, then
the appellate court need not address the merits of the claim.

Gonzales v. State, 966 S.W.2d 521, 524 (Tex. Crim. App. 1998) (some
internal citations omitted).

      The record does not contain the proceedings
at Hudson’s guilty plea.  The record does not clearly show any statements by Hudson or any saliva DNA analysis evidence.  Nor does the record show any use of such
evidence by the State.  Accordingly, we do not address the merits of Hudson’s first two issues.  We overrule Hudson’s first two issues.

      Motion for New Trial.  In Hudson’s third issue, he contends that the trial court erred in overruling Hudson’s motion for new trial.  Hudson’s issue is inadequately briefed.[2]  “The appellant’s brief must . . .
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.”  Tex.
R. App. P. 38.1(h).  When an appellant does not provide argument with
citations in support of an issue, the issue is inadequately briefed, presents
nothing for review, and must be overruled.  See Hall v. State, 160
S.W.3d 24, 26 n.2 (Tex. Crim. App. 2004), cert. denied, 125 S. Ct.
2962 (2005); Hankins v. State, 132 S.W.3d 380, 385 (Tex. Crim. App.), cert.
denied, 543 U.S. 944 (2004); McCarthy v. State, 65 S.W.3d 47, 49 n.2
(Tex. Crim. App. 2001), cert. denied, 125 S. Ct. 2906 (2005); Tong
v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000) (op. on orig.
submission); Cardenas v. State, 30 S.W.3d 384, 393 (Tex. Crim. App.
2000).  Hudson’s brief does not provide argument in support of his issue.  Hudson’s issue is thus inadequately briefed.  We overrule Hudson’s third issue.  

      Having overruled Hudson’s issues, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

      (Justice
Vance concurring without separate opinion)

Affirmed

Opinion
delivered and filed April 12, 2006

Do
not publish

[CR25]









[1]  Although
the trial court orally granted Hudson’s motion as to the statements, the
court’s written order simply denies the motion.  





[2]  Hudson’s issue, in its entirety, is as follows:

   Appellant filed a motion for new trial presenting
evidence that Defendant could not have voluntarily abandoned the Dr. Pepper can
[from which the saliva specimen was taken] because the jail rules prohibited
him from taking such items back into the jail.  Such motion established that
the evidence seized from Appellant should have been suppressed at the original
hearing.  For this reason, along with the law showing the violations of
Appellant’s constitutional rights as detailed above, the trial court erred in
denying Appellant’s motion for new trial.








egins to run when the cause of action accrues. 
See Jackson, 950 F.2d at 265; Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert.
denied, 501 U.S. 1235, 111 S.Ct. 2863, 115 L.Ed.2d 1030 (1991); White v. Cole, 880 S.W.2d
292, 295 (Tex. App.—Beaumont 1994, writ denied). Although Texas law governs the limitations
period and the tolling exceptions, federal law governs when the cause of action accrues. See
Jackson, 950 F.2d at 265; Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989). Under federal
law, a cause of action arises "when the plaintiff knows or has reason to know of the injury which
is the basis of the action." Id. (both quoting Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir.
1980)).
          Young's four causes of action arose on the respective dates of the incidents. The claims
alleged in causes of action three and four arose from incidents which occurred on January 9 and
January 12, 1992, respectively. Because Young filed his petition on January 13, 1994, more than
two years after each of those incidents, causes three and four are barred by the statute of
limitations. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).
          Causes one and two arose from incidents which occurred on February 17 and March 7,
1992, respectively. Thus, they are not barred by limitations, and could not be properly dismissed
by the court for that reason. However, we still must determine whether the court properly
dismissed the claim as having no basis in law. See id. § 13.001(a)(2), (b)(2). 
          Appellees assert the affirmative defense of qualified immunity. Government officers have
a common-law immunity from personal liability while performing discretionary duties in good
faith within the scope of their authority. Campbell v. Jones, 153 Tex. 101, 264 S.W.2d 425, 427
(1954); Wyse v. Dep't of Public Safety, 733 S.W.2d 224, 227 (Tex. App.—Waco 1986, writ ref'd
n.r.e.). This immunity shields a state official from liability for damages unless his conduct
violates "clearly established statutory or constitutional right of which a reasonable person would
have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396
(1982).
          With the possible exception of Saint, who was never served and was not a party to the
action, Young has failed to establish the violation of any statutory or constitutional right and has
failed to overcome Appellees' qualified immunity. None of the Appellees were involved in the
alleged use-of-force incident between Saint and Young. Although Young claims that they were
deliberately indifferent to his medical needs, he failed to demonstrate the violation of any clearly
established law. See Anderson v. Creighton, 483 U.S. 635, 639-40, 107 S.Ct. 3034, 3038-39, 97
L.Ed.2d 523 (1987); Harlow, 457 U.S. at 818, 102 S.Ct. at 2738. Young also failed to exhaust
his administrative remedies. 
          Therefore, the court properly dismissed the claim as having no basis in law, and we
overrule all points. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a)(2), (b)(2).
 
CONCLUSION
          We conclude that the court did not abuse its discretion in dismissing the action because the
claims had no arguable basis in law or in fact. See id. We affirm the judgment dismissing
Young's claims against Appellees. 


                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 31, 1995
Do not publish