NO. 07-12-00232-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 8, 2013

WENDELL H. TAYLOR, APPELLANT

v.

LUBBOCK REGIONAL MHMR AND JI TEXAS RISK
MANAGEMENT AND TEXAS DEPARTMENT
OF INSURANCE DIVISION OF WORKERS'
COMPENSATION, APPELLEES

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2012-501,151; HONORABLE WILLIAM C. SOWDER, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

In this interlocutory appeal, appellant Wendell H. Taylor**,** appearing *pro se*, appeals two orders[1] of the trial court granting the pleas to the jurisdiction of appellees Lubbock Regional MHMR, JI Specialty Services, Inc., Texas Council Risk Management Fund and Texas Department of Insurance-Workers' Compensation Division and

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (West 2012) (permitting interlocutory appeal from an order that "grants or denies a plea to the jurisdiction by a governmental unit").

dismissing portions of Taylor's suit.[2]  We will affirm in part, reverse in part, and otherwise remand for further proceedings.

## Background

On February 10, 2009, while acting in the course and scope of his employment with MHMR, Taylor sustained a compensable injury.  MHMR is a self-insured governmental entity for purposes of the Texas Workers' Compensation Act.

On December 1, 2011, the Division conducted a contested case hearing to determine if Taylor's injury "extend[ed] to and include[d] chronic pain, facet arthrosis, disc pathology, fibromyalgia, hyper reflexive, sleep problems and osteoporosis."  The hearing examiner found these conditions did not "arise out of or naturally flow from the compensable injury of February 10, 2009."  The appeals panel adopted the decision by notice of February 13, 2012.  Taylor then brought suit in district court.

Taylor's petition, of some eighty-four pages, also names JI Specialty Services, the Risk Management Fund, and the Workers' Compensation Division as defendants. Besides seeking judicial review of the decision of the appeals panel, Taylor complains of intentional tortious acts by all appellees summed up as "altering and omitting medical records, which lead to causing detrimental harm, all done intentionally, to extort plaintiff."  Elsewhere in the pleading, Taylor asserts he was denied proper treatment and medication.   Much later, the pleading contains a heading entitled, "Undisputable Evidence of Bad Faith."  Here Taylor asserts MHMR, "the Insurance Company," and the Division subjected him to "detrimental health treatment in bad faith" by referring him to a

---

[2] Appellees are each identified here as they were in the trial court's orders.

2

"work hardening" program with knowledge of an MRI showing spinal disc abnormalities. In addition to the recovery of lifetime healthcare benefits, Taylor seeks damages for mental anguish, pain and neglect, unspecified "losses" and out-of-pocket expenses, punitive damages, attorney's fees and court costs.

All defendants filed pleas to the jurisdiction. By an amended order of August 28, 2012, the trial court dismissed Taylor's causes of action against JI Specialty Services and the Risk Management Fund for want of subject matter jurisdiction.[3] The plea was also granted as to MHMR on all claims except Taylor's suit for judicial review of the appeals panel's February 13, 2012 decision. In a separate amended order of the same date, the trial court granted the Division's plea to the jurisdiction and dismissed Taylor's claims against the Division.

## Analysis

At the outset, we point out Taylor's voluminous trial court pleadings and brief on appeal are difficult to follow. Appellees contend Taylor's brief is so deficient that we should find he waived the right of appeal. It is clear Taylor does not agree with the orders of the trial court which he challenges on appeal and resolution of the matter is a question of law subject to *de novo* review. We will address the merits of his appeal. Tex. R. App. P. 38.9.[4]

---

[3] The original orders from which appeal is taken were signed on June 4, 2012. On our own motion, we abated the appeal for clarification of the orders. *Taylor v. Lubbock Reg'l MHMR,* No. 07-12-0232-CV, 2012 Tex. App. Lexis 6417 (Tex.App.-- Amarillo Aug. 2, 2012) (per curiam order). Amended orders were signed August 28, 2012, and the appeal reinstated.

A plea to the jurisdiction challenges the subject-matter jurisdiction of the trial court. *State v. Holland,* 221 S.W.3d 639, 642 (Tex. 2007). Whether the trial court lacks subject-matter jurisdiction is a question of law we review *de novo. Id.* A plea to the jurisdiction may be presented as either an attack on the sufficiency of the pleadings or an evidentiary attack on the existence of jurisdictional facts. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226-27 (Tex. 2004). We liberally construe the plaintiff's petition, looking to the pleader's intent. *Holland,* 221 S.W.3d at 642-43.

Claims for Benefits Not Presented to the Appeals Panel

The trial court determined that Taylor's pleadings asserted a claim for judicial review of the decision of the appeals panel. But Taylor's petition seeks additional relief from MHMR such as lifetime medical benefits. *See Saenz v. Fidelity & Guar. Ins. Underwriters,* 925 S.W. 2d 607, 609 (Tex. 1996) (citing Tex. Lab. Code Ann. § 408.021(a) for such benefit).

Through the Workers' Compensation Act, the Legislature has vested in the Division the exclusive power to award workers' compensation benefits, subject to judicial review. *Saenz,* 925 S.W.2d at 612. A Division decision is subject to judicial review only after the aggrieved party has exhausted administrative review through a contested case hearing or arbitration, followed by an appeal to a Division appeals panel.

---

[4] At the same time, and while we liberally construe *pro se* pleadings and briefs, we must hold *pro se* litigants to the same standards as licensed attorneys, requiring that they comply with applicable laws and rules of procedure. Otherwise, a *pro se* litigant would obtain an unfair advantage over a litigant who is represented by counsel. *Porter v. Olivares,* No. 05-11-01213-CV, 2012 Tex. App. Lexis 5293, at *2-3 (Tex.App.--Dallas July 3, 2012, pet. filed) (mem. op.).

*Kennedy v. Turner Indus. Group, LLC,* No. 14-09-00377-CV, 2010 Tex. App. 2821, at *8 (Tex.App.--Houston [14th Dist.] Apr. 20, 2010, pet. denied) (mem. op.) (citing Tex. Lab. Code Ann. §§ 408.001(a), 410.251, 410.302(b) (West 2006)).  "Consequently, a party's failure to exhaust administrative remedies under the [Act] . . .  deprives the district court of subject-matter jurisdiction over the party's suit for judicial review of the appeals panel's decision."  *Frank v. Liberty Ins. Corp.,* 255 S.W.3d 314, 320 (Tex.App.--Austin 2008, pet. denied) (citation omitted).  Judicial review of the decision of the appeals panel is limited to the issues it decided.  Tex. Lab. Code Ann. § 410.302(b) (West 2006); *Krueger v. Atascosa County,* 155 S.W.3d 614, 618-619 (Tex.App.--San Antonio 2004, no pet.) (stating "[t]he language of § 410.302 must be given its plain meaning, which is that judicial review is limited to issues 'decided by' the [appeals panel]" and holding the appellant could not obtain judicial review of an issue when she failed to raise the issue before the appeals panel and the panel's decision specifically stated the issue was not considered).

Here, to the extent Taylor seeks relief against MHMR for benefits not presented to the appeals panel, he has not exhausted administrative remedies and the trial court, on judicial review, is without jurisdiction to adjudicate those issues.  The trial court did not err in dismissing for want of jurisdiction all of Taylor's claims for benefits under the Workers' Compensation Act which were not first tested by the administrative agency process.

5

Tort Theories

Taylor also asserts claims for damages via allegations of tortious conduct by MHMR, the Risk Management Fund, JI Specialty Services, and the Division. Appellees asserted in their pleas to the jurisdiction that they are immune from suit for such claims under the doctrines of sovereign or governmental immunity.[5] As we perceive them, Taylor's tort claims arise from actions taken by appellees in connection with his attempts to obtain compensation benefits. Addressing appellees' claims of immunity, we do not consider whether any such claims might also be barred by the exhaustion of remedies doctrine. *See, e.g., American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804-05 (Tex. 2001) (holding a trial court lacks subject matter jurisdiction over bad faith claims arising from allegedly delayed or denied workers' compensation benefits unless and until the worker obtains a timely, final administrative decision from the Division of entitlement to the disputed medical benefits).[6]

---

[5] Sovereign immunity protects the state and its various divisions, such as agencies and boards, from suit and liability, while governmental immunity affords similar protection to political subdivisions, such as counties, cities, and school districts. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

[6] Because the issue before us deals merely with the jurisdiction of the trial court to adjudicate his claims, we also do not consider whether Taylor has alleged causes of action recognized by Texas law. *See Texas Mutual Insurance Co. v. Ruttiger*, No. 08-0751, 2012 Tex. Lexis 501, at *40-42 (Tex. June 22, 2012) (op. on reh'g) (holding "claims against workers' compensation insurers for unfair settlement practices may not be made under the Insurance Code, but . . . claims under the Insurance Code may be made against those insurers for misrepresenting provisions of their policies," and "an injured employee may not assert a common-law claim for breach of the duty of good faith and fair dealing against a workers' compensation carrier").

In none of the statutory or case law we have reviewed do we find a reason to doubt that MHMR, the Division and the Risk Management Fund have immunity from suit against Taylor's tort claims. *See* Tex. Lab. Code Ann. §§ 501.002 & 504.002 (West 2006). Hence, his tort claims against those defendants are barred absent a waiver of that immunity. A waiver of sovereign or governmental immunity from suit must be expressed in clear and unambiguous statutory language. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 58 (Tex. 2011); Tex. Gov't Code Ann. § 311.034 (West Supp. 2012).

By the State Applications Act, the Legislature waived state agencies' sovereign immunity to allow injured workers to bring workers' compensation claims, *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 7 (Tex. 2000) (current version at Tex. Lab. Code Ann. § 501.001-.051 (West 2006 & Supp. 2012)). Many provisions of the Workers' Compensation Act are thereby made applicable to state agencies such as the Division. *See* § 501.002(a) (providing that "[t]he following provisions of Subtitles A and B apply to and are included in this chapter except to the extent that they are inconsistent with this chapter"). But § 501.002(d) provides, "[n]either this chapter nor [the Workers' Compensation Act] authorizes a cause of action or damages against the state, a state agency, or an employee of the state beyond the actions and damages authorized by [the Texas Tort Claims Act]."[7] The Tort Claims Act does not waive immunity for suit for

---

[7] The Texas Tort Claims Act waives immunity from suit for two types of claims: (1) those involving property damage, personal injury, or death arising from the operation or use of a motor-driven vehicle or motor-driven equipment; and (2) those involving personal injury or death caused by a condition or use of tangible personal property or real property. Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2011).

intentional torts. *Id.* § 101.057(2) (West 2011) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort . . . .").[8] We see no clear and unambiguous waiver of the Division's immunity from suit for tort claims for damages like those Taylor asserts.[9]

MHMR asserts it is subject to the Political Subdivisions Law, Chapter 504 of the Labor Code, which concerns workers' compensation insurance coverage for employees of political subdivisions. Tex. Lab. Code Ann. §§ 504.001-.073 (West 2006 & Supp. 2012). "Political subdivision" includes a community center for mental health and mental retardation services established under Subchapter A, Chapter 534, Health and Safety Code. Tex. Lab. Code Ann. § 504.001(3) (West 2006); *see* Tex. Health & Safety Code Ann. §§ 534.001-.106 (West 2010 & Supp. 2012); *Lubbock Regional Mental Health and Mental Retardation Center v. McMenamy,* No. 07-03-0174-CV, 2004 Tex. App. Lexis

---

[8] "Actions taken with the specific intent to inflict harm are characterized as intentional torts." *Rusk State Hospital v. Black,* No 10-0548, 2012 Tex. Lexis 731, at *28 (Tex. Aug. 31, 2012). "[B]ad faith is an intentional tort requiring that the insurer '"knew or should have known" that it had no reasonable basis for denying or delaying payment of a claim.'" *Milner v. City of Leander,* 64 S.W.3d 33, 39-40 (Tex. App.--Austin 2000, no pet.) (quoting *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 18 (Tex. 1994)).

[9] *See also* Tex. Lab. Code Ann. § 416.002(b) (West 2006) (providing actions against governmental entity for breach of duty of good faith and fair dealing are governed by Chapters 101 and 104 of the Civil Practice and Remedies Code); Tex. Civ. Prac. & Rem. Code Ann. § 104.001 (West 2011). Chapter 104 does not contain a waiver of immunity. Tex. Civ. Prac. & Rem. Code Ann. § 104.008 ("This chapter does not waive a defense, immunity, or jurisdictional bar available to the state or its officers, employees, or contractors"). *See also Spellmon v. Texas Dep't of Crim. Justice,* No. 14-96-0237-CV, 1997 Tex. App. Lexis 1205, at *8 n.4 (Tex.App.--Houston [14th Dist.] Mar. 13, 1997, no writ) (not designated for publication) (stating §§ 104.001 and 104.008 "do not create a cause of action nor provide legislative consent to suit or waiver of immunity, but instead provide for indemnification of state employees"); *Montana v. Patterson,* 894 S.W.2d 812, 815 (Tex.App.--Tyler 1994, no writ) (discussing § 104.002).

4443, at *1-2 & 2 n.3 (Tex.App.--Amarillo May 14, 2004, no pet.) (mem. op.) (describing MHMR's proof of status as community center). Neither in Chapter 504 nor elsewhere do we find a clear and unambiguous waiver of immunity permitting suit against MHMR for intentional torts like those asserted by Taylor. *See Permian Basin Cmty. Ctrs. for Mental Health & Mental Retardation v. Limon,* No. 11-07-00321-CV, 2008 Tex. App. LEXIS 5109 (Tex.App.--Eastland July 10, 2008, no pet.) (mem. op.) (noting no waiver of sovereign immunity under Chapter 534 for intentional tort of fraud). Section 504.002(c) provides, "[n]either this chapter nor [the Workers' Compensation Act] authorizes a cause of action or damages against a political subdivision . . . beyond the actions and damages authorized by" the Texas Tort Claims Act. Additionally, § 504.053(e) states "[n]othing in this chapter waives sovereign immunity or creates a new cause of action." *Manbeck v. Austin Indep. School Dist.,* No. 11-0429, 2012 Tex. Lexis 747, at *4-5 (Tex. Aug. 31, 2012) (per curiam).

The Risk Management Fund is a self-insurance pool formed by Texas community MHMR centers. The Fund provides workers' compensation, liability, and property coverage programs for its member centers. Through the Fund, member centers pool their risks and combine resources to obtain greater stability and economies of scale for risk management. *See Hill v. Texas Council Risk Mgmt. Fund,* 20 S.W.3d 209, 211 (Tex.App.--Texarkana 2000, pet. denied) ("Pursuant to the Interlocal Cooperation Act, [Tex. Gov't Code Ann. §§ 791.001-.035 (West 2012)] the Texas Council of Community MHMR Centers, Inc., in coordination with several mental health/mental retardation community centers, created the Texas Council Risk Management Fund as a means of self-insuring themselves" (footnote omitted)). Unless waived, the Risk Management

9

Fund is entitled to governmental immunity. *Cf. Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund,* 212 S.W.3d 320, 326 (Tex. 2006) (concluding a self-insurance fund consisting of local governments exists "as a distinct governmental entity entitled to assert immunity in its own right for the performance of a governmental function" thus "enjoy[ing] the same governmental immunity as other political subdivisions").

In sum, Taylor does not point us to, and we do not find, a statute that clearly and unambiguously waives immunity from suit for damages for the tort claims Taylor alleges against MHMR, the Risk Management Fund, and the Division. We agree with those entities Taylor's tort claims against the Division are barred by sovereign immunity and his tort claims against MHMR and the Risk Management Fund are barred by governmental immunity.

*Governmental Immunity Claim of Specialty Services*

Specialty Services argues it enjoys, as third-party administrator for MHMR, the governmental immunity of MHMR. For this contention, Specialty Services directs us to *Milner v. City of Leander,* 64 S.W.3d 33, and *Campbell v. Jones,* 153 Tex. 101, 264 S.W.2d 425, 427 (1954). *Milner* involves an injured worker's bad faith-claims against her employer the City of Leander, a self-insured governmental entity, and against an intergovernmental risk pool and the city's third-party claims adjuster, Axia. *Milner,* 64 S.W.3d at 35, & 35 n.1. The trial court granted summary judgment on immunity grounds in favor of the city and the risk pool. *Id.* at 38. It also granted summary judgment that Axia did not owe Milner a duty of good faith and fair dealing. *Id.* at 41.

10

The court of appeals affirmed judgment for Axia, but because it agreed the claims adjustor did not owe Milner a duty of good faith and fair dealing, not because it found Axia shared the immunity of the city and risk pool. *Milner,* 64 S.W.3d at 41. *Milner* does not support a contention Specialty Services possesses governmental immunity.

*Campbell v. Jones* is equally inapposite. There the trustees of a school district were held to have no personal liability to a teacher for breach of contract because they believed in good faith that the teacher had not complied with the State's degree requirements. 264 S.W.2d at 427. The case belongs in the line of those supporting the affirmative defense of official immunity available to public officials executing discretionary acts in the course of their authority. *Ballantyne v. Champion Builders, Inc.,* 144 S.W.3d 417, 422 (Tex. 2004). It adds nothing to Specialty Services' claim of governmental immunity.

We also have examined *Foster v. Teacher Ret. Sys.,* 273 S.W.3d 883 (Tex.App.-Austin 2008, no pet.), a case not cited by the parties. There, Aetna[10] administered the insurance plan of the Teacher Retirement System, a state agency. Foster, an insured claiming injury from a coverage decision by Aetna, sued Aetna and TRS alleging claims for breach of contract, breach of the duty of good faith and fair dealing, violations of the insurance code, and violations of the deceptive trade practices act. *Id.* at 885. Aetna and TRS filed pleas to the jurisdiction which the trial court granted.

---

[10] Aetna Life Insurance Company and Aetna Health Management, LLC. 273 S.W.3d at 885.

On appeal Foster argued Aetna was not entitled to assert sovereign immunity. Disagreeing, the Austin court looked closely at the relationship between TRS and Aetna as created and defined by their contract. *Id.* at 888. The analysis adopted by the court in *Foster*, on the merits of which we express no opinion, thus depended on evidence not present in the record before us. The record here does not include a contract or other evidence establishing and defining the relationship between MHMR and Specialty Services. And, unlike Foster, Taylor claims intentionally tortious conduct by Specialty Services.

We do not prejudge whether a more developed record might support Specialty Services' claim of immunity, and caution the parties not to read into this discussion a suggestion otherwise. We simply hold the jurisdiction of the trial court over Taylor's claims against Specialty Services has not been shown to be precluded by the exhaustion of remedies doctrine or governmental immunity. *Cf. GAB Business Services, Inc. v. Moore,* 829 S.W.2d 345, 350 (Tex.App.--Texarkana 1992, no writ) (holding evidence did not clearly establish private insurance adjuster handling workers' compensation claims for Texas Municipal League Intergovernmental Risk Pool was agent of risk pool entitled to governmental immunity; rather, evidence showed adjuster was an independent contractor acting on its own authority and not entitled to immunity); *Campbell v. Tex. Employers' Ins. Ass'n*, 920 S.W.2d 323, 329-30 (Tex.App.--Houston [1st Dist.] 1995, no writ) (following *GAB* and holding private companies under contract to provide specific services to members of Texas Association of School Boards Workers' Compensation Self-Insurance Fund were not entitled to shield of governmental immunity). Accordingly, we find the trial court erred in sustaining

12

Specialty Services' plea to the jurisdiction and dismissing Taylor's claims against that defendant.

## Conclusion

We find the trial court correctly dismissed Taylor's claims made the subject of the pleas to the jurisdiction of Lubbock Regional MHMR, Texas Department of Insurance-Workers' Compensation Division and Texas Council Risk Management Fund, but erred by dismissing the claims alleged against JI Specialty Services, Inc. We therefore reverse the order of the trial court as to JI Specialty Services,[11] affirm the orders of the trial court as to MHMR, Risk Management Fund and the Division, and remand the case to the trial court for further proceedings consistent with this opinion.

James T. Campbell
Justice

---

[11] Our conclusion that JI Specialty Services, Inc. has not established its governmental immunity might lead one to the conclusion we lack jurisdiction over the interlocutory appeal of the grant of its plea to the jurisdiction, and should dismiss the appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2012). We do not do so. *See Texas Dep't of Crim. Just. v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004) *superseded by statute on other grounds,* Tex. Gov't Code Ann. § 311.034 (West Supp. 2012) (holding that proper course of action in such circumstances is to rule on merits of appeal rather than dismiss).